*Windham,*
July, 1845.

SMITH *against* MARTIN and another.

Smith
*v.*
Martin.

17   399
65   381

Though the declarations of the owner of land, *adverse* to his title, are admissible in evidence, not only against him, but against all others claiming title to the same land under him ; yet the declarations of the owner of land, *in favour* of his title, are not admissible for him, or for any one claiming title under him.

THIS was an action of trespass *quare clausum fregit* ; tried at *Brooklyn, January* term, 1845, before *Waite*, J.

On the trial, the plaintiff claimed title to the land described in her declaration as heir at law of *Joshua Smith,* deceased, under a deed from *Solomon Smith* jun., dated *May* 4th, 1801. The land conveyed by this deed, was thus described : " Beginning at a stake and stones at the *North-west* corner of the premises, and is the line of land belonging to *Eleazer Coburn ;* thence *East,* 15 degrees *South,* by said *Coburn's* land, 80 rods, to a stake and stones ; thence *Southerly,* by land belonging to *Isaac Bennett* and *Jeremiah Farnham,* 28 rods, to a stake and stones ; thence *West,* 15 degrees *North,* by land of *Solomon Smith* jun., 80 rods, to a stake and stones ; thence *Northerly,* by *John Burnham's* land, 28 rods, to the first-mentioned bound ; containing 14 acres." It was admitted, that the trespass complained of was committed more than 28 rods *South* of the *North* line ; and the only question was, how far the plaintiff's land extended towards the *South.* She claimed, that it extended to a certain heap of stones, which was a bound ; and that when the lot was sold to *Joshua Smith,* it was not accurately measured, but the parties to the deed ascertained the length of the line, by pacing it. To prove these facts the plaintiff offered the testimony of her mother, the widow of *Joshua Smith,* that she was present when the bargain for the sale of the land was made ; that the parties went out of the house together, and afterwards returned and stated, that they had ascertained the extent of the lot from *North* to *South,* by pacing it : that after the conveyance, and while her husband was in possession of the lot, she accompanied him to it, and he there pointed out to her said heap of stones, and stated, that it was the bound of the lot at the *South.*

To the admission of this testimony the defendants objected ; but the court admitted it ; and the plaintiff obtained a

*Windham,*
*July, 1845.*
————
Smith
*v.*
Martin.

verdict. The defendants thereupon moved for a new trial; and the court reserved the motion.

*Strong,* in support of the motion, contended, 1. That it was not competent to the plaintiff to show, by parol evidence of any sort, a different quantity, or a different length of line, from that specified in the deed. The plaintiff claimed title to the *locus in quo* under a certain deed, containing a definite description of the land. The defendant was willing to abide by that description, insisting that according to it he was not a trespasser. The plaintiff then offered to prove by parol evidence, that the true bound was not the heap of stones at the termination of the line specified in the deed, but at a point farther *South.* Is any argument necessary to show that a deed cannot be varied in this manner? What security is there in deeds, if this may be done?

2. That the declarations of *Joshua Smith,* made *in favour* of his interest, though he was then owner of the land and in possession, were inadmissible to support the claim of one holding under him. If such evidence were admissible, a party might at any time make evidence of title for his heirs. To render such declarations admissible, they must be *against* the interest of the party making them. *Greenl. Ev.* 175,6. *Higley* v. *Bidwell,* 9 *Conn. R.* 447. There can be no pretence that these declarations were part of the *res gesta,* and admissible on that ground. The *res gesta* was the conveyance of the land; and that was wholly by deed. The parties going upon the land and measuring the line—whether by *long* measure or *leg* measure—was no part of the conveyance.

*Welch,* contra, contended, 1. That the evidence introduced to show the *locality* of the *South-eastern* boundary, was properly received. It did not tend to contradict the deed, nor even to give a construction to its terms. The deed gave a definite monument, *viz.* a certain stake and stones. The plaintiff claims nothing inconsistent with this. The question on the trial was, where was the place of that monument. This is a matter which always is, and necessarily must be, shown, by parol evidence.

2. That the declarations of a deceased person regarding

the boundaries of land, according to the settled law of this state, are admissible. 1 *Sw. Dig.* 766. *Sw. Evid.* 123. *Williams* v. *Ensign,* 4 *Conn. R.* 456. *Higley* v. *Bidwell &* al. 9 *Conn. R.* 447. 451. *Wooster* & al. v. *Butler,* 13 *Conn. R.* 309. 316. Nor is this law peculiar to *Connecticut. Greenl. Ev.* 171,2. *in notis.*

WAITE, J. On the trial of this case in the court below, the controversy between the parties was as to the dividing line between the lands of the plaintiff and those of the defendants. The plaintiff, in support of her claim, offered in evidence the declarations of her father, from whom she derived title, as his heir at law, made while he was living, and the owner of the lands which descended to her, as to the bound between the lands of the parties. The court, not adverting to the distinction between declarations made by an owner against his interest and those in his favour, admitted the evidence.

Upon recurring, however, to the authorities, the rule seems to be perfectly well settled in this state, that the declarations made by the owner of real estate, adverse to his title, are admissible in evidence, not only against him, but all others claiming title to the same lands under him. *Deming* v. *Carrington,* 12 *Conn. R.* 1. *Rogers* v. *Moore,* 10 *Conn. R.* 13. *Norton* v. *Pettibone,* 7 *Conn. R.* 319. *Beers* v. *Hawley,* 2 *Conn. R.* 467. *White* v. *Long,* 24 *Pick.* 319.

So far the rule has gone, but no further. And courts in laying it down, have been very careful to limit it, in its operation, to cases where the evidence is offered against the interest of the party making the declarations, or those claiming under him. We are clearly of opinion, that the rule ought not to be extended. The presumption is, that the declarations of a party as to his title, made against his interest, are true. But on the other hand, to allow him to make declarations in support of his title, and then give those declarations in evidence, would in effect be to allow him to make evidence in his favour, at his pleasure. A similar effect would be produced, if they might be proved by those standing in his situation, and claiming the same title which he did.

The evidence, therefore, was improperly admitted; and for this reason, a new trial must be granted.

HARVARD LAW LIBRARY

*Windham,*
*July, 1845.*

Smith
*v.*
Martin.

With respect to the evidence of what was said by *Solomon Smith* and *Joshua Smith*, at the time when the sale was made to the latter, as to their having ascertained the extent of the land, by pacing it, so far as that evidence went to show the declarations and admissions of *Solomon Smith*, who owned the lands now claimed by the defendants, and under whom they derive title, it comes within the rule already stated, and was admissible, when offered by the plaintiff.   But as to any evidence of the declarations of *Joshua Smith*, unconnected with the admissions of the other party,—it would be inadmissible.

A new trial must be granted.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial to be granted.