## VOLNEY E. ROLLINS, EXECUTOR, &c., APPELLANT, *v.* WILLIAM H. STROUT, RESPONDENT.

DECLARATIONS OF POSSESSOR TO CONTRADICT ALLEGED GIFT OF PERSONAL PROPERTY. Where in a replevin suit for a wagon and horses, alleged to be the property of the estate of a deceased person, but claimed by defendant as a gift executed by deceased in his life-time, a witness testified that after the alleged gift he saw deceased in possession of the property, having the wagon repaired, and exercising other acts indicating ownership: *Held,* that the question, "Did the deceased tell you at that time that he was the owner of the property?" was not amenable to the objection that the evidence would be hearsay, and that to rule it out on that objection was error.

DECLARATION OF PARTY AS PART OF RES GESTÆ. Declarations made by a party to an action, if a part of the *res gestæ,* are admissible in evidence even in his own favor; but only such declarations as are a part of the *res gestæ,* such as accompany acts pertinent to the case, are so admissible.

DECLARATIONS EXPLAINING ACTS OR MOTIVES. Where the proof of acts done by a person is admissible in evidence, any declarations accompanying and tending to explain such acts, or the motives controlling them, are likewise admissible as a part of the acts themselves; and this rule is not confined to such declarations as are against the interest of the party making them.

DECLARATIONS OF DECEASED PERSONS AS PART OF RES GESTÆ. Where the issue was as to the fact of a gift having been made by plaintiff's testator and its consummation by delivery: *Held,* that acts of ownership exercised by deceased after the time of the alleged gift, and his declarations accompanying them, were part of the *res gestæ* and admissible in evidence.

APPEAL from the District Court of the Fifth Judicial District, Humboldt County.

Plaintiff was the executor of X. V. C. Rollins, deceased. The Court found that there had been a gift of the property in controversy by the deceased to F. X. Banks, as claimed in the answer, and rendered judgment in favor of defendant. A motion for new trial having been overruled, plaintiff appealed.

*L. A. Buckner,* for Appellant.

I.   Gift executed is a question of fact, not law, and its essentials are embraced in the maxim, "*Donatio perficitur possessione accipientis.*"   There must be delivery and acceptance.   This has been maintained, says Kent, (2 Kent, 589) in every period of the

English law. The delivery must be actual, so far as the subject is capable of delivery.

II.   The answer to the question asked the witness Hadley, would have been original testimony—part of the *res gestœ*, not hearsay.

*Williams & Bixler*, also for Appellant.

The Court erred in excluding the declarations made by the deceased Rollins concerning the ownership of the horses sued for, while actually using them.   Whether he was using it as property borrowed from Banks, or was using it as his own and claiming title to it, could best be ascertained by his declarations made at the time, which declarations, being explanatory of his acts, were a part of the *res gestœ*, and should have been admitted in evidence. (*Boyden* v. *Moore*, 11 Pick. 364 ; 1 Greenleaf on Evidence, 108, 110 ; 1 Phil. on Evidence, [4 Am. Ed.] 185, 201.)

*Clarke & Wells*, for Respondent.

I.   There is no pretense that the conveyance of the property by Rollins, deceased, to Banks was fraudulent.   The central question is, " Did Rollins, deceased, give the property to Banks ?" The Court finds he did, and there is, to say the least, some evidence to support the finding—we think a preponderance ; hence this Court will not reverse on that ground.   (5 Nev. 415.)

II.   The Statute of Frauds (Stats. of 1861, 20, Sec. 64) does not attempt to prescribe in cases of gift *when* delivery shall be made, or *how* possession shall be maintained.   And as by that section provided, in case of *sale* or *assignment,* failure to *take* and *keep* possession can only be taken advantage of by a creditor, or a subsequent *bona fide* purchaser.   (8 Cal. 325, 554 ; 13 Cal. 58 ; 15 Cal. 50 ; 5 Cal. 226, 366 ; 14 Cal. 576.)

By the Court, LEWIS, C. J.:

This is an action in the nature of replevin to recover certain horses and a wagon, which the appellant claims were the property of his testator, but which are in the possession of the defendant,

he holding them by purchase from one Banks who, it is alleged, received them by gift from the testator in the month of September, 1868, about one year prior to his death.

The gift was not consummated by a writing of any kind, but it is claimed by the defendant that it was fully executed by a delivery of the property to Banks. Issue was taken upon the facts. At the trial it appeared that the deceased had possession of, and exercised acts of ownership over the property long after the time when it is claimed the gift was made. T. J. Hadley, one of the witnesses on behalf of the plaintiff, testified that in June, 1869, he saw the testator in Unionville with the property in his possession; that he, the witness, repaired the wagon for him and was paid therefor by the deceased; that he saw him do other acts indicating ownership by him.

At this point counsel, after having asked if he had any conversation with deceased about the ownership of the property, put this question: " Did the deceased tell you at that time that he was the owner of the property described in the complaint." Objection being made upon the ground that the evidence would be hearsay, the Court sustained the objection and plaintiff excepted. The exception is, we think, well taken. It is a rule of evidence that declarations made by a party to an action, if a part of the *res gestæ*, are admissible in evidence even in his own favor. There are some cases wherein it is held that declarations made by one in possession of personal property are not admissible in favor of his title, whilst such as are made against his interest are. (9 Missouri, 788 ; 17 Conn. 399 ; 7 Jones, 575.) It must be confessed no solid reason in favor of such decisions is apparent. The general rule is, that when the proof of acts done by a person is admissible, any declarations accompaning them which tend to explain such acts or the motives controlling them are likewise admissible. The rule is certainly not confined to such declarations as may be made against the interest of the person making them. Such declarations are received under another rule and for different reasons. When made against interest they are received even when not accompanying such acts. Declarations accompanying acts performed are considered a part of the acts themselves. They are often called " verbal acts." Why then

should not the declarations as well as the acts be received? Those Courts even which have held that declarations made by one in possession of property are not admissible in his own favor, do not pretend to hold that declarations so made are in no case admissible. These decisions are confined to cases where the declarations are offered to establish a title or right to property, and the reason given is that it would be dangerous to admit them in favor of *him* who *makes* them—that one should not be allowed so to make a title for himself. But why not admit his declarations as well as his acts? It is difficult to perceive why acts done by him are not equally within the reason given by the Courts as his declarations. If there be any reason why a person shall not be allowed to make a title, or establish a right in himself by his own declarations, it will apply with equal force to any acts which he may have done having the same tendency. If declarations are in any case admitted in favor of one making them, why should they not be admissible for the purpose of establishing his right to personal property, as well as to enable him to make out any other right? It is the daily practice to admit declarations of this character. Thus, in *Schenck* v. *Hutchinson*, (2 N. C. Law Repository, 432) which was trover for a fifty dollar bill, the plaintiff alleged that he had lost the note, proved that he had it in his possession, and it was afterwards in possession of the defendant. The plaintiff gave no evidence of the loss except his own declarations, and they were held admissible. In *Thompkins* v. *Saltmarsh*, (14 Serg. & R. 275) which was an action against a voluntary bailee for the loss of goods by carelessness, the bailee's declarations, made immediately after discovering the loss, were admitted in his own favor. *Banks* v. *Hatton*, (1 Nott & McCord, 221) was trover for three negroes. The question was whether the negroes had been given to the plaintiff by his wife's father, or only loaned to him: the declarations of the father at the time the plaintiff took them were received in his own favor to show that the transaction was only a loan. And in *Harriman et al.* v. *Hill*, (14 Maine, 127) the Court held that the declaration by the holder of a promissory note that it was his property was admissible. So it is the constant practice in criminal cases to receive the declarations of the prisoner, made in his own favor, when

constituting a part of the *res gestæ.* (See cases collated — 2 Cowen & Hill's Notes to Phillips' Evidence, 592 *et seq.*)

We can see no reason upon which an exception to this rule should be made against declarations respecting the title to personal property. No reasons are given in the cases where such exceptions are made, which are not as applicable to any case of declarations favoring the interest of the party producing them as to cases of this character.

But can the testator's declarations be considered part of the *res gestæ?* We think they can. The very issues between the parties being, whether a gift had been made of the property to Banks, and whether, if a gift were intended, it had been consummated by a delivery of the property. The acts of ownership exercised by deceased after the time it was claimed the gift had been made tended to disprove such gift; and the delivery and the declarations accompanying them were a part of the acts, and likewise tended in the same direction, and thus they were a part of the *res gestæ* and admissible.

It must be borne in mind, that it is only such declarations as are a part of the *res gestæ* that are admissible. Where they do not accompany an act pertinent to the case, or which is itself evidence, they are not admissible. But it may be laid down as a general rule, that in all cases where a person's acts are evidence for him, his declarations in relation to those acts made at the same time are necessarily so. Here the testator's acts—that is, his actual use and possession of the property—his employment of a mechanic to repair the wagon, together with other similar acts, were undoubtedly evidence against the case of defendant; and so the Court below regarded them, for all acts of that character were admitted; hence the declarations accompanying them should also have been.

The Court below erred in sustaining the objection interposed by counsel for defendant, and for this reason the judgment must be reversed.