RUTH E. JENSEN ET AL. *v.* NATIONWIDE MUTUAL INSURANCE COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 12—decided October 9, 1962

*Charles L. Flynn,* for the appellant (defendant Virginia Brockett).

*William J. Ryan,* for the appellees (plaintiffs).

SHEA, J. Before the commencement of this action, the defendant Virginia Brockett, a minor acting by her next friend, instituted suit against the present plaintiffs to recover damages for personal injuries sustained while she was a passenger in an automobile alleged to have been owned by the named plaintiff and operated by the other plaintiff. *Brockett* v. *Jensen,* Superior Court, New Haven County, No. 85767. In the present action, the plaintiffs sought a declaratory judgment to determine the liability, if any, of the named defendant, hereinafter called Nationwide, under an automobile liability insurance policy issued by it to the named plaintiff. In its answer, Nationwide denied that under its policy any coverage existed for either of the plaintiffs and admitted that it had refused to defend them in the

action brought by Virginia Brockett. The defendant Virginia Brockett admitted all of the allegations of the complaint. The trial court rendered judgment declaring that Nationwide is not liable on the policy for any damages which the plaintiffs may be obligated to pay because of the injuries arising out of the accident, that Nationwide is not obligated to defend the plaintiffs in any lawsuit arising out of the accident, and that Nationwide is not obligated to pay the plaintiffs any attorneys' fees to defend any lawsuit arising out of the accident. The defendant Virginia Brockett appealed from the judgment. Thereafter, Nationwide filed a motion in this court to dismiss the appeal, claiming that the appeal bond furnished by Virginia did not provide Nationwide with security for costs. We dismissed the appeal as to Nationwide. *Jensen* v. *Nationwide Mutual Ins. Co.*, 147 Conn. 722, 161 A.2d 785.

The existence of an actual controversy is a prerequisite to appellate jurisdiction. *Newton* v. *Barnett*, 146 Conn. 344, 346, 150 A.2d 821; *Reynolds* v. *Vroom*, 130 Conn. 512, 515, 36 A.2d 22. The relief requested in the present complaint is directed solely to the obligations of Nationwide under its insurance policy. Nationwide is a necessary party and without its presence its rights cannot be affected by a judgment of this court. The interests of the defendant Virginia Brockett and those of the plaintiffs, so far as the present action is concerned, are not adverse to each other. There is no justiciable controversy between the parties remaining in this appeal. Upon a remand, they would have no standing to obtain a declaratory judgment. *Liebeskind* v. *Waterbury*, 142 Conn. 155, 159, 112 A.2d 208; *McGee* v. *Dunnigan*, 138 Conn. 263, 266, 83 A.2d 491; Borchard, Declaratory Judgments (2d

Ed.) pp. 50, 76. Consequently, it would serve no useful purpose to consider the claims of error made by the defendant Virginia Brockett. The appeal must be dismissed. See *Reynolds* v. *Vroom,* supra, 516.

The appeal is dismissed.

In this opinion the other judges concurred.