GEORGE W. PISTEY *v.* GEORGE VLASTARIS

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 7—decided May 26, 1964

*George C. Cravatas,* for the appellant (defendant).

*Edward J. Behuncik,* for the appellee (plaintiff).

PER CURIAM. On October 19, 1961, John R. Pistey recovered a judgment in the Court of Common Pleas against the defendant in the amount of $4604.40 damages and $116.04 costs. On that date, John R. Pistey assigned the judgment to George W. Pistey, who is his father and also the plaintiff in the present action. On May 1, 1962, the defendant brought a petition under General Statutes § 52-270 against the Pisteys in the Court of Common Pleas, praying that the judgment of October 19, 1961, be set aside and a new trial granted. The court denied the petition for a new trial and found the issues for the Pisteys. One of those issues as presented by the pleadings in that matter was whether the assignment of the original judgment was without consideration.

The action now before us was brought by the plaintiff to collect the judgment assigned to him by his son. He made a motion for summary judg-

ment supported by an affidavit. In a counter affidavit, the defendant alleged that there was no consideration for the assignment of the judgment from John R. Pistey to the plaintiff. This allegation had been one of the issues before the court on the petition for a new trial. It had been decided against the present defendant. The determination of that issue is res judicata in the present action between the same parties, and the defense based on the alleged invalidity of the assignment for lack of consideration may not be retried. The counter affidavit, therefore, showed no facts sufficient to entitle the defendant to defend. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135.

The court was correct in holding that the counter affidavit was insufficient, in ordering it stricken, and in rendering a summary judgment.

There is no error.