VIRGINIA BROCKETT *v.* RUTH E. JENSEN ET AL.

ROBERT TREALOR *v.* RUTH E. JENSEN ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued October 6—decided December 13, 1966

*Vincent Villano* and *Thomas F. Brown,* for the appellants (defendants).

*Charles L. Flynn,* for the appellee (plaintiff) in the first case.

*Alphonse C. Fasano,* with whom, on the brief, was *John F. Cipriano,* for the appellee (plaintiff) in the second case.

RYAN, J. The plaintiffs, Virginia Brockett and Robert Trealor, while passengers in an automobile registered in the name of the defendant Mrs. Ruth E. Jensen and operated in the town of North Haven by her son, the defendant Allen R. Jensen, were injured when the car left the road and struck a pole. The trial court found the issues for the plaintiffs against both defendants.

The defendants seek to have added to the finding a number of paragraphs of the draft finding on the ground that the facts stated in them were admitted or undisputed. Where the finding fails to include admitted or undisputed facts, this court has the power to correct it. *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123. "To secure an addition on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. Maltbie, Conn. App. Proc., § 158. That a fact was testified to and not directly contradicted by another witness is wholly insufficient. Ibid.; Practice Book [1951] § 397 [now Practice Book, 1963, § 628 (a)]. The trier is the judge of the credibility of witnesses. *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534, and cases cited therein. A further requirement for such an addition to the finding is that the particular portion of the appendix, pleadings or exhibit, as the case may be, relied upon as requiring the addition, be pointed out in the appellant's brief. Maltbie, op. cit., § 328." *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; *Solari* v. *Seperak,* 154 Conn. 179, 182, 224 A.2d 529.

The defendants failed to establish any failure on the part of the trial court to include any paragraphs which were admitted or undisputed.

The defendants seek to eliminate from the finding certain paragraphs on the ground that they were found without evidence. An examination of the appendices indicates that the facts found by the court were fully supported by the evidence or were reasonable and logical inferences drawn from facts proved. *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335.

The defendants assign error in the conclusions reached by the court that Allen "operated said car in a negligent manner on Maple Avenue in North Haven, causing a collision with a telephone pole and bringing about the injuries to the plaintiffs Virginia Brockett and Robert Trealor." "The court's conclusions are to be tested by the finding and not by the evidence. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *City Bank & Trust Co.* v. *Ruthinian Greek Catholic Church,* 102 Conn. 609, 611, 129 A. 785." *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332.

The court found the following facts pertaining to this conclusion: Virginia and Trealor were riding in the rear seat of the Jensen car on the evening of March 9, 1957. Allen was driving the car north on Maple Avenue, a wet road, and it was dark and raining. There was a curve on Maple Avenue about 150 feet north of the entrance to the North Haven High School, which curve continued to the left of one traveling north for a distance of 300 feet. There were street lights in the area, a blinker light in front of the entrance to the school and signs reading "Slow, School" painted in the roadway 400 feet south of where the curve began. The posted

speed limit at the entrance to the school was twenty-five miles per hour, and, at the place where the car was found, it was thirty-five miles per hour. When the car reached the blinker light in front of the school, it was going forty-five to fifty miles per hour, and Trealor told Allen to slow down because there was a curve ahead. Allen did not slow down, and, about 100 feet past the blinker light, the car started to slide. Neither Virginia nor Trealor remembered what happened after that. The car failed to negotiate the curve and was found lying on its right side near a telephone pole. The roof of the automobile was dented in, the entire right side was scraped, and the left rear fender was damaged. The car was lying almost crossways in the north-bound lane, north of the pole, which also showed damage. Solid skid marks forty-seven feet and ten inches long extended northerly from the traveled portion of the highway to a point five feet off the shoulder. Any skid marks on the traveled portion of the highway could not be seen because it was wet, but skid marks were visible on the shoulder of the road because the shoulder was sandy and had loose material on it. After, or at the end of the skidding, the car tipped over on its right side and struck the telephone pole, which was nine feet and ten inches from the edge of the traveled portion of the highway, with such force that the pole was moved in the ground. The car came to rest with its front end fourteen feet from the pole and its rear seventeen feet and one inch from the pole.

The conclusions of the court that Allen was negligent and that his negligence was a proximate cause of the injuries to the plaintiffs are amply supported by the finding of subordinate facts. They are legally and logically consistent with the facts

found and do not involve the application of any erroneous rule of law material to the case. *Yale* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

The defendants also assign error in the conclusions reached by the court that Mrs. Jensen was the owner of the 1952 Chevrolet at the time of the accident and that Allen was operating the car at this time with her general authority and permission to do so. The issue of ownership of the car is of importance in the determination whether the court was correct in applying the family car doctrine in finding liability as against Mrs. Jensen. A special defense of res judicata was pleaded in both cases, alleging that the factual issue of the ownership of the car by Mrs. Jensen had been judicially determined in the case of *Jensen* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 56, 185 A.2d 77; A-412 Rec. & Briefs, back of p. 233. In the Trealor case, the plaintiff demurred to this defense on the ground that the parties in the action between Mrs. Jensen and the Nationwide Insurance Company were not the same parties as in the instant action. The demurrer was sustained in the court below. In the Brockett case, no demurrer was filed to this defense, but the trial court determined the issue for the plaintiff.

The court found the following facts relating to the ownership of the car: About one week before March 9, 1957, Allen, a minor twenty years old, went to Munson Motors to look at a 1952 Chevrolet sedan before he spoke to either of his parents about it. The location of his work was such that he required an automobile for transportation. He picked out the car and paid $25 down on it. His mother was not present at this time, but he went home, got his mother, went back to Munson Motors

and bought the car. The automobile was paid for with money taken from Allen's bank account, which he had saved from his earnings. The car was bought in Mrs. Jensen's name and was registered in her name because Allen was a minor. It was bought only for Allen's use and was used by Allen for both pleasure and work. On the evening of March 9, 1957, Allen was operating the car with the general permission and authority of his mother. Prior to the accident, he had driven the car for about one week for work and pleasure. He did not need his mother's permission every time he drove the car. Mrs. Jensen applied for assigned risk insurance on the automobile in Allen's name with Roy A. Cook, an insurance agent. This insurance policy came in Allen's name on the Monday following the accident. Before the automobile involved in the accident was purchased, Mrs. Jensen owned another automobile insured by the Nationwide Insurance Company. By writ dated May 25, 1957, returnable to the Superior Court at New Haven on the first Tuesday of July, 1957, Virginia, a minor, brought the instant action by her father and next friend, seeking damages for injuries received by her in the accident. By writ dated October 25, 1957, returnable to the Superior Court at New Haven on the first Tuesday of December, 1957, Mrs. Jensen and Allen brought an action against the Nationwide Mutual Insurance Company and Virginia, praying for a declaratory judgment concerning an automobile liability insurance policy issued by Nationwide to Mrs. Jensen on May 1, 1956. Mrs. Jensen and Allen prayed the court to determine whether Nationwide was liable on the policy for damages resulting from the injuries alleged to have been received by Virginia in the present action, which was then pending. The parties appeared

by counsel and were heard on the merits by the court. The principal issue of fact to be determined by the court in the action for the declaratory judgment was whether Mrs. Jensen or her son, Allen, owned the 1952 Chevrolet operated by Allen on the date of the accident, March 9, 1957, in order to enable the court to determine whether Mrs. Jensen was entitled to the coverage afforded her by the policy issued to her by Nationwide. The court decided that the real owner of the car at the time of the accident was not Mrs. Jensen, but Allen, and it rendered judgment that Nationwide was not liable on the policy. In the declaratory judgment action, Virginia was cited in as a party defendant. Virginia admitted all the allegations of the complaint. The interests of Mrs. Jensen, Allen and Virginia were not adverse because they had a common interest in having the Nationwide Insurance Company found to be the insurer. Virginia appealed from the judgment of the court in the declaratory judgment action, and we dismissed the appeal as to Nationwide on its motion that the appeal bond furnished by Virginia did not provide Nationwide with security for costs. *Jensen* v. *Nationwide Mutual Ins. Co.*, 147 Conn. 722, 726, 161 A.2d 785. The remaining portion of the appeal from the judgment on the action for the declaratory judgment was dismissed by us on the ground that, since Nationwide, against whom the relief was sought, was no longer a party, there was no justiciable controversy between the parties remaining on the appeal, namely, Ruth E. and Allen R. Jensen and Virginia Brockett. *Jensen* v. *Nationwide Mutual Ins. Co.*, 150 Conn. 56, 58, 185 A.2d 77. After the dismissal of the appeal, Mrs. Jensen and Allen amended their answers in both the Brockett and

Trealor cases and denied that Mrs. Jensen was the owner of the 1952 Chevrolet. Previously, the ownership of the car by Mrs. Jensen had been admitted by them. The trial court found that there was no issue in the case which was res judicata as to the claim of Virginia in the present tort action.

In determining the question of ownership, the court had before it three judicial admissions made by Mrs. Jensen. She admitted by her complaint in *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, that she was the owner of the car. She also admitted this same fact by her answer to the Brockett complaint, as well as to the Trealor complaint. After the declaratory judgment action was decided against her, Mrs. Jensen amended her answer in each case to deny ownership. The court was entitled to take judicial notice of the superseded pleadings. *Connecticut Bank & Trust Co.* v. *Rivkin,* 150 Conn. 618, 622, 192 A.2d 539. The answers remain in these cases as part of their history and are available to the adverse parties as admissions. *Nichols* v. *Nichols,* 126 Conn. 614, 620, 13 A.2d 591. It was also proper for the court to take judicial notice of the file in the declaratory judgment action; *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497; and to treat any pleading therein, which was contrary to the Jensens' position in the present case as a judicial admission. "The admissions in a pleading must be taken in connection with all the allegations thereof, and the weight to be given to admissions which are not in themselves conclusive against the pleader is to be determined by the court or jury, the same as other evidence offered on the trial. *Talbot* v. *Laubheim,* 188 N.Y. 421, 424, 81 N.E. 163." *Wilcox* v. *Downing,* 88 Conn. 368, 375, 91 A. 262.

The court was also entitled to consider the fact

that the car was registered in Mrs. Jensen's name. The registration refers to a particular identified car. "Such a registration is prima facie evidence— that is, it warrants, although it does not compel, a finding—of ownership of the vehicle described in the certificate of registration." *Scalora* v. *Shaughnessy,* 151 Conn. 252, 255, 196 A.2d 763; see also *Burakowski* v. *Grustas,* 134 Conn. 205, 209, 56 A.2d 461; *Denos* v. *Giovanelli,* 124 Conn. 464, 467, 200 A. 573; *Dunn* v. *Santamauro,* 119 Conn. 307, 308, 175 A. 913; *Chouinard* v. *Wooldridge,* 102 Conn. 66, 70, 127 A. 908.

In view of the foregoing discussion, it cannot be said that the court erred in concluding that Mrs. Jensen was the owner of the automobile and that Allen was operating it with her general permission and authority unless the issue of ownership is res judicata by virtue of the judgment in *Jensen* v. *Nationwide Mutual Ins. Co.,* supra. This defense, which is more properly described as collateral estoppel, is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the issues determined in a former action between the parties. "(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . . . (2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action." Restatement, Judgments § 68. The United States Supreme Court has said: "We have often held that under the doctrine of *res judicata* a judgment

entered in an action conclusively settles that action as to all matters that were or might have been litigated or adjudged therein. But a prior judgment between the parties has been held to operate as an estoppel in a suit on a cause of action different from that forming the basis for the original suit 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' This latter aspect of *res judicata* is the doctrine of collateral estoppel by judgment, established as a procedure for carrying out the public policy of avoiding repetitious litigation." *Partmar Corporation* v. *Paramount Pictures Theatres Corporation,* 347 U.S. 89, 90, 74 S. Ct. 414, 98 L. Ed. 532.

There can be no collateral estoppel, however, unless the parties were, in fact, adversaries on the issue in question. The rule has been well-stated in these words: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." Restatement, Judgments § 82.

The rationale behind this is: "The rules of res judicata are based upon an adversary system of procedure which exists for the purpose of giving an opportunity to persons to litigate claims against each other. Because of this, the claims of persons who are not parties to the action are not . . . affected either by the judgment or by the litigation of any issue upon which the judgment depends . . . . For the same reason persons who, although parties to an action, do not have an opportunity of litigating between themselves the correctness of a determination which is the basis of the judgment for or

against them, are not concluded, in a subsequent action between them, by such determination. In most cases persons who are not adversary parties under the pleadings are not bound, as between themselves by the adjudication of an issue raised between one of them and the other party to the action, unless they actually litigate the issue with each other." Restatement, Judgments § 82; see also *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 539, 52 A.2d 862; *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.,* 135 Conn. 307, 312, 63 A.2d 849; *State* v. *Bloomfield Construction Co.,* 126 Conn. 349, 355, 11 A.2d 382; *Appell* v. *Schneider & Pomerantz Baking Co.,* 126 Conn. 16, 18, 8 A.2d 529.

An examination of the pleadings in *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, indicates that Mrs. Jensen alleged in her complaint that she was the owner of the car and asked the court to determine that Nationwide was the insurer of the vehicle in question and responsible for payment of any judgment which might be obtained against Mrs. Jensen in the Brockett tort action, which was then pending. The declaratory judgment procedure was not challenged as it was in *Hartford Accident & Indemnity Co.* v. *Williamson,* 153 Conn. 345, 216 A.2d 635. Virginia was named as a party defendant, apparently on the theory that she had such an interest in the controversy between Mrs. Jensen and the insurance company that she was a necessary party under the provisions of § 309 (d) of the Practice Book. Whether Virginia was a necessary party, we are not called upon to determine. She did, in fact, appear and filed an answer admitting all the allegations of the complaint, including, of course, ownership of the car by Mrs.

Jensen. It is obvious that it was to Virginia's advantage to have the issue of ownership decided in favor of Mrs. Jensen so that she could look to Nationwide to pay any judgment which she might recover against Mrs. Jensen. Virginia's position with reference to that of Mrs. Jensen was not adverse, and we therefore conclude that the determination of any issue in *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, did not operate as a collateral estoppel to any claim made by Virginia in the instant case. Trealor was not even a party in *Jensen* v. *Nationwide Mutual Ins. Co.,* supra, and there can be no collateral estoppel as to him. The trial court was correct in sustaining the demurrer to the special defense in the Trealor case and in finding the issues for the plaintiffs in both cases.

There is no error in either case.

In this opinion the other judges concurred.