# RUTH E. JENSEN ET AL. v. NATIONWIDE MUTUAL INSURANCE COMPANY

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued April 2—decided May 9, 1969

*Vincent Villano* and *Thomas F. Brown,* for the appellants (plaintiffs).

*George E. McGoldrick,* for the appellee (defendant).

RYAN, J. This is an action on an automobile liability policy claiming damages against the defendant for failure to pay two judgments rendered against the plaintiffs, together with legal fees, arising out of an automobile accident which, the plaintiffs allege, came within the terms of coverage of a policy issued by the defendant to the plaintiff Ruth E. Jensen. The plaintiffs have appealed to us from the action of the trial court in denying the plaintiffs' motion for summary judgment, in granting the defendant's motion for summary judgment on the original complaint and in sustaining the defendant's demurrers to the second count of the amended complaint.

In the original complaint the plaintiffs made the following allegations: On or about May 1, 1956, the defendant issued to the plaintiff Mrs. Ruth E. Jensen an automobile liability insurance policy on a 1953 Chevrolet sedan owned by her and registered in her name, insuring her against any claims for personal injury and property damage which she might become legally obligated to pay as damages arising out of the ownership, maintenance or use of this car. The policy afforded similar coverage for any other automobile owned by Mrs. Jensen provided she had not owned such vehicle for more than thirty days next preceding the accident. On or about February 19, 1957, Mrs. Jensen purchased and registered in her name a 1952 Chevrolet sedan. On March 9, 1957, while her son, the plaintiff Allen R. Jensen, was operating the 1952 Chevrolet with two passengers, Virginia Brockett and Robert Trealor, the automobile struck a telephone pole, as a result of which the passengers sustained injuries. In July,

1957, Virginia Brockett brought suit against the plaintiffs for the injuries received by her in the accident. Under the terms of the policy, the plaintiffs were entitled to coverage for any claims for injuries made by Virginia Brockett and Robert Trealor as the result of this accident. The plaintiffs then requested the defendant to defend the suit, but the defendant denied coverage and notified the plaintiffs to retain their own attorney. Thereafter, in December, 1957, the plaintiffs brought an action in the Superior Court against the defendant in which they joined Virginia Brockett as a defendant, seeking a declaratory judgment to determine whether the defendant was liable under the policy for any sums which the plaintiffs might become liable to pay as damages because of bodily injury arising out of the accident of March 9, 1957. Subsequently, in April, 1958, Trealor also brought suit against the plaintiffs for injuries sustained in the accident. On April 8, 1960, the court *(Thim, J.)*, having heard the parties, concluded that at the time of the accident Mrs. Jensen was not the owner of the 1952 Chevrolet and rendered judgment declaring that the defendant was not liable on the policy for any injuries sustained in the accident and that the defendant was not obligated to defend the plaintiffs in connection with any lawsuit arising out of the accident. The plaintiffs did not appeal from this judgment. Virginia Brockett, however, did appeal, and that appeal was dismissed by this court as to the defendant because of Virginia's failure to provide the defendant with security for costs. *Jensen* v. *Nationwide Mutual Ins. Co.,* 147 Conn. 722, 161 A.2d 785. The remainder of Virginia's appeal was subsequently dismissed by this court on the ground that there was no justiciable controversy between the parties remaining on the

appeal, namely, Virginia and the plaintiffs. *Jensen* v. *Nationwide Mutual Ins. Co.*, 150 Conn. 56, 185 A.2d 77. The actions of Virginia Brockett and Robert Trealor against the plaintiffs were thereafter tried on their merits in the Superior Court, which rendered judgment in favor of Virginia Brockett to recover the sum of $13,000 and her costs and in favor of Robert Trealor to recover damages in the sum of $2500 and his costs. The plaintiffs then appealed to us from this judgment and assigned error, inter alia, in the conclusion of the trial court that Ruth Jensen was the owner of the 1952 Chevrolet at the time of the accident. We sustained the judgments in favor of Virginia Brockett and Robert Trealor. *Brockett* v. *Jensen*, 154 Conn. 328, 225 A.2d 190. Subsequent to that decision, the plaintiffs, on January 3, 1967, again made demand on the defendant for coverage on the policy and payment of legal fees incurred. The defendant denied coverage and has refused to pay the judgments and the cost of litigation incurred by the plaintiffs. The plaintiffs then brought the instant action.

In its answer, the defendant admitted all of the allegations of the plaintiffs' original complaint, with the exception of the allegations of ownership by Ruth Jensen of the 1952 Chevrolet, and those relating to the coverage of this car by the policy, which allegations it denied. The defendant also pleaded the special defense of res judicata on the basis of the judgment rendered in the declaratory judgment action. In their reply, the plaintiffs denied the allegations of the special defense.

The plaintiffs then filed a motion for summary judgment predicated on the decision of this court in *Brockett* v. *Jensen*, supra, wherein we held, inter alia, that the conclusion of the trial court that Ruth

Jensen was the owner of the 1952 Chevrolet at the time of the accident could not be disturbed. The plaintiffs claimed that, by virtue of this holding, they were entitled to coverage under the policy. The court below *(Doherty, J.)* denied the plaintiffs' motion for summary judgment.

On June 26, 1967, the defendant moved for summary judgment, alleging that, on the basis of the allegations of res judicata, there was no material issue of fact existing between the parties. The defendant urged in its affidavit that the present action involved the same parties and the same issues embraced in the declaratory judgment action. In support of its motion, the defendant attached copies of the judgment and memorandum of decision of the Superior Court in the declaratory judgment action and the decision of this court dismissing the appeal as to the defendant in *Jensen* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 56, 185 A.2d 77.

In their counter affidavit, the plaintiffs alleged that, since this court in *Brockett* v. *Jensen,* supra, sustained the trial court's conclusion that Ruth Jensen was the owner of the automobile and further held that the declaratory judgment was not res judicata as between Virginia Brockett and the Jensens because they were not adverse parties in that action, the declaratory judgment was not res judicata in the instant case. On October 2, 1967, the trial court *(Dube, J.)* rendered summary judgment for the defendant on the original complaint.

The plaintiffs urge that the decision of this court in *Brockett* v. *Jensen,* supra, voided the effect of the declaratory judgment as res judicata on the issues of ownership and coverage in the instant case. The plaintiffs completely overlook the fact that the defendant was not a party to the *Brockett* case where-

in this court held only that "the determination of any issue in *Jensen* v. *Nationwide Mutual Ins. Co.* [the declaratory judgment action], supra, did not operate as a collateral estoppel to any claim [against the Jensens] made by Virginia [Brockett]." *Brockett* v. *Jensen,* supra, 340. The basis for this decision was that so far as the declaratory judgment was concerned, Virginia's position with reference to that of Mrs. Jensen was not adverse, and there could be no collateral estoppel unless the parties were in fact adversaries on the issue in question. *Brockett* v. *Jensen,* supra, 338; Restatement, Judgments § 82. Therefore, the judgment in the *Brockett* case does not conclude the parties on the issues raised in the instant case.

On October 6, 1967, the plaintiffs filed a notice of appeal from the summary judgment of October 2, 1967, in accordance with Practice Book § 604. On the same day the plaintiffs filed a "Request for Finding"[1] asking the trial court to file a "finding" pursuant to Practice Book § 306 in order to give the plaintiffs an opportunity to test the questions of law raised by the motion for summary judgment.[2] The court filed such a "finding" in which it stated: "The court finds that there is no defense to the defendant's motion and has followed the provisions of § 303

---

[1] No such procedure is authorized under the provisions of Practice Book § 306.

[2] "[Practice Book] Sec. 306.——QUESTIONS OF LAW  If the court, upon the hearing of the motion, shall be of the opinion that the only question or questions arising are bona fide questions of law, it shall file its finding so stating and that there is no defense on the facts, and thereafter the defending party shall, if he so desires, file within ten days a pleading appropriate to test such question or questions of law.  If such party fails to file such pleading within ten days or within such further time as the court for cause shown may prescribe, or fails to prevail thereon, final judgment, as of course, shall be entered by the court for the moving party."

of the Practice Book and Summary Judgment has entered. There was no question of fact to review and the sole question was of law and found in the defendant's favor."[3]

If the affidavits and papers in the file raise a bona fide issue of law, it is not the province of the court to undertake conclusively to resolve that question; instead, it should, as provided in Practice Book § 306, file its finding stating that the only question arising is a bona fide question of law and that there is no defense on the facts. It should require the filing of pleadings formally presenting that issue. *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909; *Perri* v. *Cioffi,* 141 Conn. 675, 680, 109 A.2d 355. If the defending party so desires he may, within ten days, file a pleading to test such question of law. The obvious purpose of the rule is to give the parties the opportunity to test the legal questions involved, by demurrer or other appropriate pleading, and to obtain a full hearing on the issues of law.

In the declaratory judgment action, and in the instant case, both the plaintiffs and the defendant were adverse parties. Both cases involved identical issues, namely, the ownership of the car and a determination as to whether or not the defendant was liable under its policy for damages which the plaintiffs may be obligated to pay because of injuries arising out of the accident. "A final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the

[3] "[Practice Book] Sec. 303.——JUDGMENT The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778; *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552, 219 A.2d 225; *Greenwich Water Co.* v. *Adams,* 145 Conn. 535, 537, 144 A.2d 323; Restatement, Judgments § 77, comment b. The plaintiffs' cause of action in both cases is identical, and the judgment in the declaratory judgment action is conclusive on the parties in the instant case.

In acting on the motion for summary judgment, the court below had no genuine issue of fact before it, and the sole question was whether the pleadings, the affidavits and the documentary evidence submitted required a conclusion by the court that, as a matter of law, the special defense of res judicata must be sustained. Practice Book § 303. The procedure set forth by Practice Book § 306 is invoked only when the question or questions arising are bona fide questions of law. If there is no bona fide question of law, the defending party on the motion is not entitled to the full hearing provided by § 306, and the court acts under Practice Book § 303. See *Pistey* v. *Vlastaris,* 151 Conn. 716, 717, 201 A.2d 653. In their counter affidavit, the plaintiffs, relying solely on our decision in *Brockett* v. *Jensen,* 154 Conn. 328, 225 A.2d 190, denied that the declaratory judgment was res judicata in the instant action. As pointed out above, the *Brockett* decision was inapposite and could not constitute a defense to the defendant's motion for summary judgment. The action of the court below in rendering summary judgment on the original complaint was correct. See *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135; *Rifkin* v. *Safenovitz,* 131 Conn. 411, 416, 40 A.2d 188.

The plaintiffs make the additional claim that the trial court should have refused to entertain the action for a declaratory judgment on the ground that the plaintiffs had a more appropriate remedy under § 38-175 of the General Statutes and that the rendering of a declaratory judgment was in violation of Practice Book, 1951, § 277 (c)[4] (now Practice Book, 1963, § 309 [c]) and was therefore "erroneous and of no legal effect." This is tantamount to a claim that the trial court lacked jurisdiction to render a declaratory judgment and is an attempted collateral attack upon the validity of that judgment. The plaintiffs' collateral attack may succeed only if they can show "that the judgment is not merely voidable but void. *Rathkopf* v. *Pearson,* 148 Conn. 260, 265, 170 A.2d 135; Restatement, Judgments § 7, comments a and b, and §§ 9 and 11; 1 Freeman, Judgments (5th Ed.) § 306." *Holley* v. *McDonald,* 154 Conn. 228, 234, 224 A.2d 727. "Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." *Rathkopf* v. *Pearson,* supra, 265. Unless the invalidity of a judgment appears on the face of the record, the judgment is not vulnerable to collateral attack. *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 297, 93 A.2d 143; *Morey* v. *Hoyt,* 62 Conn. 542, 554, 26 A. 127. There is nothing in the record to support the plaintiffs' claim. See *Hartford Accident & Indemnity Co.* v. *Williamson,* 153 Conn. 345, 349, 216 A.2d

---

[4] "[Practice Book (1951)] Sec. 277. CONDITIONS The superior court and the court of common pleas will not render declaratory judgments: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ."

635; *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 260, 205 A.2d 780.

The defendant's motion for summary judgment was heard by the court below on August 24, 1967, at which time decision was reserved to permit counsel to file briefs within two weeks. On September 22, 1967, the plaintiffs were granted permission to amend their complaint by adding a second count thereto. The amendment was filed the same day. This count incorporated all the allegations of the original complaint and alleged, in addition thereto, that Robert Trealor had brought an action against the defendant dated January 10, 1967, for payment of his judgment for $2500 under the defendant's policy issued to Ruth E. Jensen; that on information and belief the defendant made payment to Trealor of the sum of $2000 and received a satisfaction of judgment and a withdrawal of action; and that by this payment the defendant admitted liability under the policy, waived its right to deny coverage, and is estopped from denying coverage under this policy to the plaintiffs. The defendant demurred to the second count of the amended complaint on the grounds (1) that estoppel is claimed but no facts are alleged to establish that the plaintiffs were prejudiced by the actions of the defendant and (2) that waiver is claimed predicated on actions which occurred long after the alleged damages were suffered and which in no way affect the relationship between the plaintiffs and the defendant. The court below *(Grillo, J.)* sustained the demurrer on both grounds.

"There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that

belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist. *Spear-Newman, Inc.* v. *Modern Floors Corporation,* 149 Conn. 88, 91, 175 A.2d 565, and cases cited. . . . Waiver, as distinguished from estoppel, is the intentional relinquishment of a known right. *Andover* v. *Hartford Accident & Indemnity Co.,* 153 Conn. 439, 444, 217 A.2d 60; *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 257, 205 A.2d 780." *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 643, 220 A.2d 254; *Bianco* v. *Darien,* 157 Conn. 548, 555, 254 A.2d 898; *Dickau* v. *Glastonbury,* 156 Conn. 437, 441, 242 A.2d 777; *Ackley* v. *Kenyon,* 152 Conn. 392, 397, 207 A.2d 265. The second count of the plaintiffs' amended complaint merely stated the conclusions of waiver and estoppel without reciting any facts to support these conclusions. The action of the trial court in sustaining the demurrer was correct. *Warner* v. *Liimatainen,* 153 Conn. 163, 165, 215 A.2d 406; *Smith* v. *Furness,* 117 Conn. 97, 99, 166 A. 759.

On November 22, 1967, the plaintiffs filed a so-called amendment to the first count of the complaint, purporting to do so pursuant to Practice Book § 306, to test the questions of law arising out of the summary judgment rendered on October 2, 1967, in favor of the defendant. It incorporated all of the original complaint and added fifteen additional paragraphs. Summary judgment having been rendered on the original complaint under Practice Book § 303, the filing of such a pleading was improper. Even if the court had acted under Practice

Book § 306, an amended complaint could hardly be regarded as an appropriate pleading to test questions of law arising with reference to the motion by the defendant for summary judgment on the original complaint. The plaintiffs' motion for default predicated on the alleged failure of the defendant to file an answer or other pleading thereto was properly denied by the court below.

On November 29, 1967, the plaintiffs filed an amendment to the second count of their complaint which reiterated all of the paragraphs of the original second count to which a demurrer has been sustained, together with fourteen additional paragraphs. On December 6, 1967, the defendant moved to expunge the added paragraphs on the ground that they were redundant, repetitious and irrelevant and did not change or add to the allegations to which the defendant had successfully demurred. An examination of this amendment indicates that it merely repeated the allegations of estoppel already disposed of by demurrer and repeated the claims previously made in the original complaint to the effect that the defense of res judicata was not valid. The latter claim was disposed of by the summary judgment rendered on the original complaint. On January 9, 1968, the motion to expunge was granted by the trial court *(Pastore, J.)*, and its action in so doing was correct.

Thereafter, on February 8, 1968, the plaintiffs filed a "Substituted Amendment to Complaint" which designated all of the original complaint as count one and repeated verbatim the allegations of count two of the amended complaint and termed it the second count of the substituted amendment to the complaint. The defendant demurred on the ground that this pleading was identical to count two

of the complaint filed on September 22, 1967, to which a demurrer was sustained on November 9, 1967. The court below sustained the demurrer, and its action in so doing was correct. This pleading merely reiterated matters previously disposed of by the court and was improperly filed.

There is no error.

In this opinion the other judges concurred.