[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126 and #131
Defendants filed Motions For Summary Judgment dated January 30, 1989 and February 16, 1989 alleging that some of the plaintiffs in the instant action were also plaintiffs in a previously adjudicated Administrative Appeal. Defendants further argue that the Administrative Appeal is res judicata and raise the issue of collateral estoppel.
Plaintiffs contend that the Connecticut Saltwater Sportsmen's Protective Association, Inc. and John Posh, present plaintiffs, were not plaintiffs in the prior Administrative Appeal. They further allege in their Memorandum of Law dated July 14, 1987 that plaintiffs are now pursuing separate and distinct causes of action.
Regarding the collateral estoppel aspect of res judicata, the Supreme Court in Corey v. Avco-Lycoming Division, 163 Conn. 309,317 (1972), stated that: "A final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made. Bridgeport Hydraulic v. Pearson,139 Conn. 186, 196, 91 A.2d 778; Lehrman v. Prague, 115 Conn. 484,490, 162 A. 15; Scott v. Scott, 83 Conn. 634, 638, 78 A. 314. Collateral estoppel is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the issues determined in a former action between the parties. Brockett v. Jensen, 154 Conn. 328, 337, 225 A.2d 190. "(1) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . . (2) A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action. Restatement, Judgments 68." Brockett v. Jensen, supra."
"Generally speaking, summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial Rathkopf v. Pearson, 148 Conn. 260,264, 170 A.2d 135; see 6 Moore, Federal Practice (2d Ed.) 56.04 [1], 56.15 [1.--0]; James, Civil Procedure 6.18, p. 231. It is, however, apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial. 6 Moore, Federal CT Page 4824 Practice (2d Ed.) 56.15 [1.---0] (p. 2284), 56.16; see Kennedy v. Silas Mason Co., 334 U.S. 249, 256, 257, 68 S Ct. 1031,92 L.Ed. 1347. 158 Conn. 364, 375 (1969). United Oil Co. v. Urban Redevelopment Commission.
The motions for Summary Judgment have now been pending for two years. The court cannot determine without an evidentiary hearing whether or not the current action involves different parties, issues, or causes of action that were not or could not have been brought earlier.
The Motion for Summary Judgment is denied.
BALLEN, JUDGE