[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO FILE ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS
On October 20, 2000, defendant John Rolls moved this Court under Section 13-24 of the Connecticut Practice Book for permission to file "untimely" answers to certain requests for admission which the plaintiff CT Page 14214 had served upon him on or about September 13, 2000. As grounds for his motion, the defendant presents two alternative arguments.
 I
First, the defendant claims that even though he responded to the plaintiff's requests for admission more than thirty days after they were served upon him, his responses were timely because the plaintiff never filed notice with this Court that he had served such requests, and thus never started the 30-day time period for responding to them under Practice Book § 13-23(a). This argument is well founded both in law and in fact.
Practice Book § 13-22 provides as follows:
 (a) A party may serve in accordance with Sections 10-12 through 10-17 upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending action set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the existence, due execution and genuineness of any documents described in the request. The party serving a request for admission shall separately set forth each matter of which an admission is requested and shall leave sufficient space following each request in which the party to whom the requests are directed can insert an answer or objection. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of the judicial authority, be served upon any party at any time after the return day. Unless the judicial authority orders otherwise, the frequency of use of requests for admission is not limited.
 (b) The party serving such request shall not file it with the court but shall instead file a notice with the court which states that the party has served a request for admission on another party, the name of the party to whom the request has been directed and the date upon which service in accordance with Sections 10-12 through 10-17 was made.
Subsection (b) of § 13-22 expressly requires any party who serves a CT Page 14215 request for admission upon another party to file notice of such service with the Court.
Practice Book § 13-23(a), in turn, provides in pertinent part as follows:
 (a) Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 13-22 (b), or within such shorter or longer time as the judicial authority may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .
Read together with Section 13-22, this subsection establishes a mandatory deadline for responding to requests for admission which only the Court can modify, to wit: "thirty days after the filing of the notice required by Section 13-22 (b)." Plainly, since any response to a request for admission is timely if it is filed and served within that 30-day time period, any response made before that period starts to run is timely as well.
In this case, the defendant has presented uncontroverted proof that the plaintiff never filed notice with this Court that he had served the subject requests for admission upon him. Such proof — a computer printout from the official State of Connecticut Judicial Branch website which lists the entire contents of the court file in this case without mentioning any notice of service of requests for admission dated September 13, 2000 — has been corroborated by a hand search of the original court file, of which this Court takes judicial notice for the purpose of this motion. See generally Brockett v. Jensen, 154 Conn. 328,336, 225 A.2d 190 (1966) (establishing that judicial notice can properly be taken of the contents of a court file in the case sub judice).
Because the plaintiff never filed notice with this Court that he had served requests for admission upon the defendant on or about September 13, 2000, the 30-day time period for responding to such requests never started to run. As a result, the defendant's October 20., 2000 responses to those requests for admission were timely filed and served. Accordingly, the Court concludes that the defendant's motion to file answers to plaintiff's requests for admission must be granted.
 II
CT Page 14216
The defendant's second argument in support of his motion to file answers to requests for admission is that even if his responses to the subject requests were untimely, he should nonetheless be permitted to file them because, as Practice Book § 13-24 provides, "presentation of the merits of the action will be subserved" by permitting him to answer and the plaintiff will not thereby be prejudiced "in maintaining his . . . action . . . on the merits." Id. The plaintiff opposes this argument, claiming that he was induced by the defendant's failure to answer to believe that liability would not be contested, and thus misled not to disclose a liability expert by the deadline established by this Court. The plaintiff thus claims that he will be prejudiced if the defendant is now allowed to withdraw his alleged admissions and contest liability.
Though the Court need not decide this second argument in view of its disposition of this motion on other grounds, it must comment briefly on the plaintiff's claim of prejudice. Reduced to its essence, that claim is as follows. Under Scheduling Order #1, the plaintiff was "to comply with Practice Book § 13-4(4) as to all persons whom he intend[ed] to call as expert witnesses in this case" by October 15, 2000. Id., p. 1. Because October 15 fell on a Sunday, his expert disclosure was due on Monday, October 16, the next business day after the due date.[1] When the defendant failed to respond to the requests for admission within thirty days after they were served upon him — by Friday, October 13, 2000 — the plaintiff was induced to believe that the defendant was no longer contesting liability. As a result of that belief, the plaintiff concluded that he would not need a liability expert to prove his case, and thus declined to disclose such an expert by the Court-imposed deadline. Against this background, the plaintiff claims that he will be prejudiced if the defendant is now permitted to answer his requests for admission, and thus to withdraw his resulting admission of liability. For the following reasons, this claim of prejudice must be rejected.
First, to reiterate, the plaintiff's underlying assumption that the defendant's responses to his requests for admission were due on October 13, 2000 was incorrect.[2] Secondly, however, even if the plaintiff was correct about the due date, and thus the defendant admitted liability by failing to respond in timely fashion to his requests for admission, this is surely a case in which the Court would permit the withdrawal of such admissions under the provisions of Practice Book § 13-24.
Section 13-24 provides in pertinent part as follows:
 (a) Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the CT Page 14217 admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission by him or her for any other purpose nor may it be used against him or her in any other proceeding.
In this case, it is clear that "the presentation of the merits of the action w[ould] be subserved [ ] by" permitting the defendant to withdraw any admissions he might be have made by failing to answer the plaintiff's requests for admission in timely fashion. Id. In brief, the withdrawal of such admissions, had the defendant actually made any, would permit the true issues that divide the parties to be joined for trial.
It is also clear that this is not a case where the withdrawal of the defendant's putative admissions would "prejudice [the plaintiff, as the party who obtained the admissions,] in maintaining his action . . . on the merits." To begin with, those admissions, had the defendant actually made them, would only have been effective for seven days before the defendant sought to withdraw them by filing the instant motion. In the interim, no discovery took place which would have to be repeated because of changing circumstances due to the defendant's renewed decision to contest liability, and no expert's services were lost due to passage of time and resulting inability to prepare in time for trial. In fact, no trial date has yet been set, and thus there is ample time for any expert to prepare himself for trial.
In fact, the only prejudice the plaintiff could claim that he suffered by relying upon the defendant's alleged admission of liability is forfeiture of his right to present testimony from a liability expert because of his failure to disclose such an expert by the Court-imposed deadline. Surely, however, if the defendant were permitted to withdraw a prior admission of liability upon which the plaintiff actually relied in not disclosing such an expert, justice would demand that he be permitted to disclose a proper expert beyond the original deadline. In conclusion, any prejudice to be suffered by the plaintiff if the defendant's alleged admissions of liability were withdrawn would be purely technical and completely reversible, whereas prejudice to the defendant if his admissions were allowed to stand would be total and devastating.
This, then, is a case in which the Court, in the exercise of its CT Page 14218 discretion, would surely permit the defendant to withdraw his alleged admissions, if in fact he ever made any. "[T]he presentation of the merits of the action would be subserved" by granting him such permission, and "the [plaintiff, as the] party who obtained the admission[s, could not show that he would be] prejudice[d]" by their withdrawal. Practice Book § 13-24.
 CONCLUSION
For all of the foregoing reasons, the defendant's motion to file answers to plaintiff's requests for admission is hereby GRANTED.
MICHAEL R. SHELDON, J.