BACKGROUND

EAGAN, Judge.
The plaintiff, Marilyn Smith, filed a complaint, alleging that she was injured when she slipped on an accumulation of water in the area of the pool and spa in the hotel at the Mohegan Sun Casino. Paragraph 5(e) alleges that defendant:
knew or should have known of numerous other incidents in which other patrons were injured as a result of wet floors, but failed to use reasonable care to prevent injuries to its patrons and, in particular, the plaintiff.
The defendant claims that these allegations are irrelevant to plaintiffs claim of negligence, as well as being vague and unlimited as to time and place. Based on this claim, defendant has asked the Court to strike paragraph 5(e).

DISCUSSION

The Gaming Disputes Trial Court Rules of Civil Procedure. (“GDC P”), Section 22(a) provides, in relevant part, that “A motion *614 to strike may be filed by any party to contest (1) the legal sufficiency of the allegations of any complaint ..or any count thereof, for failure to state a claim upon which relief can be granted; ...” The language in GDCP Section 22(a) is almost identical to the language contained in Section 10-39(a) of the Connecticut Practice Book.[1] Accordingly, this court, pursuant to MTO 95-4, Article III, Section 301(c)[2] will apply Connecticut common law to assist it in construing GDCP Section 22(a).
The purpose of a motion to strike, under Connecticut law, “is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted” (Internal quotation marks omitted). Fort Trambull Conservancy, LLC v. Alves, 262 Conn. 480, 815 A.2d 1188 (2003). In ruling on a motion to strike, the trial court must “examine the [complaint], construed in favor of the [plaintiff], to determine whether [the pleading party] stated a legally sufficient cause of action.” (Internal quotation marks omitted). Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 698 A.2d 859 (1997)
In its Motion to Strike, paragraph 5(e), the defendant does not assert that plaintiff has failed to set forth a claim upon which relief can be granted. That fact alone requires a denial of the Motion to Strike. As the Connecticut Supreme Court has held: “Thus [i]f the facts provable in the complaint would support a cause of action, the motion to strike must be denied.” Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998), quoting Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)
Instead, defendant’s Motion to Dismiss claims paragraph 5(e) is irrelevant, confus ing and unlimited. However, as the Connecticut Superior Courts have repeatedly recognized: “[a] motion to strike is not the proper vehicle for the elimination of irrelevant, immaterial or otherwise improper allegations. The proper vehicle would be a request to revise.” LaBaire v. Blumenthal, Superior Court, Judicial District of Windham at Putnam, Docket No. CV03 0069892, 2003 WL 21805533 (July 9, 2003) (Potter, J.); P & G Construction v. Park Blue, Superior Court, Judicial District of Waterbury, Docket No. CV010165316S. 2002 WL 230910 (Jan. 23, 2002) (West, J.); Northwest Mortgage v. Edwards, 22 Conn. L. Rptr. 123, 1998 WL 246484 (Conn.Super.1998) (Curran, J.); see also, Hoboken Wood Flooring Corp. v. Torrington Supply Co., Inc., 42 Conn. Supp. 153, 157, 606 A.2d 1006 (1991) (Blue, J.)
Section 21 (a) of the GDCP, like the Connecticut Practice Book, Section 10-35,[3] provides for a Request to Revise. The relevant language in Section 21(a) states: “A timely request to revise may be filed by any party who desires to obtain .., (2> *615 deletion of any redundant, immaterial, impertinent, scandalous or other improper allegation ..(4) any other appropriate correction in the adverse party’s pleading.”
In Royce v. Town of Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981), the Connecticut Supreme Court noted that the request to revise is “a motion for an order directing the opposing party to revise his pleading in the manner specified. It incorporates . .., the former motion to expunge . . . Thus this [request to revise] may be used to obtain the deletion of ‘othenvise improper allegations.’ ” (Footnotes and internal citations omitted) Accord, Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 263, 259 A.2d 598 (1969)
 Defendant’s Motion to Strike must be denied for a second reason. The Motion to Strike challenges a subpart of a single paragraph in the complaint. This subpart, standing alone, does not purport to state a cause of action: “[I]t is well established that an individual paragraph contained in a complaint or special defense is not the proper subject of a motion to strike unless it embodies an entire cause or action or defense.” Augelli v. Matos, Superior Court, Judicial District of Waterbury, 35 Conn. L. Rptr. 228, 230, 2003 WL 21958554 (July 29, 2003) (Dubayy J.); “[W]here individual paragraphs standing alone do not purport to state a cause of action [or defense], a motion to strike cannot be used to attack the legal sufficiency of these paragraphs.” (Internal quotation marks omitted) Perugini v. Metropolitan District Commission, Superior Court Judicial District of Hartford, 23 Conn. L. Rptr. 14, 15, 1998 WL 599694 (Aug. 24, 1998) (Stengel, J.); Accord, Rodman v. Trans Union, LLC, CV020069386S, 2003 WL 22792130 (Conn.Super. Oct. 28, 2003) (Potter, J.)
Accordingly, the defendant’s Motion to Strike is denied, without prejudice, to the filing of a Motion to Revise.

. Sec. 10-39(a) provides: “Whenever any party wishes to contest (I) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted ...”

. 301 (c) provides that “The common law of the State of Connecticut interpreting the positive law adopted in Section 301(b), above, which body of law is hereby adopted as and declared to be the common law of the Mohegan Tribe for application by the Gaming Dis-pules Court, except as such common law is in conflict with Mohegan Tribal Law.”

.Practice Book § 10-35 provides in relevant part: “Whenever any party desires to obtain ... (2) the deletion of any unnecessary, repr titious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or ... (4) any other appropriate correction in an adverse party’s pleading, the party desiring any such amendment in an adverse patty’s pleading may file a timely request to revise that pleading.”