## Caroline K. Lipscomb *v.* L. A. Renzulli

Alcorn, C. J., House, Thim, Ryan and Shapiro, Js.

Argued June 2—decided July 7, 1970

*Daniel D. McDonald,* with whom was *David O. Chittick,* for the appellant (defendant).

*Paul C. Shafer, Jr.,* for the appellee (plaintiff).

SHAPIRO, J.   This action for breach of contract arose out of a dispute between the plaintiff and the defendant, adjoining property owners in Fairfield, over the defendant's erection of a carport on his property.  The plaintiff sought money damages and injunctive relief.  In a trial to the court, judgment was rendered for the plaintiff, and the defendant has appealed.

The finding discloses the following facts.   The defendant applied to the Fairfield zoning board of appeals for a variance permitting him to add a fourth-floor one-family apartment to his building, and in connection with his application he submitted a plan for off-street parking as required by the zoning regulations.  The board granted his application, but the plaintiff appealed the board's decision to the Court of Common Pleas.  Shortly thereafter, the plaintiff and the defendant entered into negotiations which resulted in a written agreement dated August 20, 1965.  The agreement provided, among other things, that the defendant was to construct the fourth-floor addition in the manner set forth in the agreement and that the plaintiff was to withdraw her appeal.  The plaintiff subsequently did in fact withdraw her appeal, and the defendant commenced construction of the fourth-floor addition.   After the addition was completed, the assistant zoning enforcement officer inspected the defendant's property.  When he discovered that the defendant had not provided the required off-street parking, he ordered him to do so.  The defendant then erected a carport on his property in an area previously used as a garden.

This garden was referred to in the agreement of August 20, which stated that the garden "will be maintained in substantially its present size, and will not be used for parking purposes except by order of the Fairfield zoning authorities." The garden, which contained dogwood trees, flowering shrubs, flower beds and flagstone walks, was eliminated in its entirety in order to make room for the carport.

The defendant assigns error in the court's conclusion that the total elimination of the garden was not necessary in order to supply the off-street parking required by the zoning authorities; that the total elimination of the garden constituted a breach of the provision of the agreement that the garden would be maintained in substantially the same size and would not be used for parking purposes except by order of the zoning authorities; that the erection of the carport in the area previously occupied by the garden constituted a breach of the agreement; and that the manner in which the carport was used constituted a breach of the agreement. These conclusions are to be tested by the findings. *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332. They must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy,* supra.

The court, on the basis of its finding of facts, could reasonably have concluded that the defendant did not have to destroy the garden in its entirety in order to provide the parking space which the zoning authorities required. The court found that under

the zoning regulations the defendant only had to furnish one additional off-street parking space as a result of the addition of the fourth-floor one-family unit and that James F. Walsh, the assistant zoning enforcement officer, had ordered him to supply only one additional space, with area sufficient for ingress, egress and turning as well as actual parking in accordance with the specifications set forth in the zoning regulations. Although the defendant asserts that these facts were found without evidence, Walsh's testimony as set out in the appendix to the plaintiff's brief fully supports them. The court also incorporated by reference in its finding a photograph, admitted into evidence as an exhibit, which shows that the carport erected on the site once occupied by the garden contains more than one parking space. The natural and logical inference from these facts is that the area of the garden was greater than the area needed for one additional parking space and for ingress, egress and turning, which the defendant had to supply. It follows that compliance with the orders of the zoning authorities regarding the provision of parking space did not necessitate the destruction of the garden in its entirety.

The court's further conclusion that the total destruction of the garden constituted a breach of the provision of the agreement prohibiting the defendant from using the garden for parking purposes unless ordered to do so by the zoning authorities rests on and is consistent with its conclusion that there was no necessity to destroy the garden totally. Admittedly, the court found that the defendant had to use part of the garden for parking purposes in order to comply with the order of the zoning authorities. Under the aforementioned provisions of the agreement, however, he was obligated to preserve

as much of the garden as possible. The fact that he had to destroy part of the garden does not excuse his destruction of the entire garden. Restatement, 2 Contracts § 463; note, 84 A.L.R.2d 12, 69. Since the court did not err in concluding that the elimination of the garden in its entirety was a breach of the agreement, it cannot be said that the court erred in its ultimate conclusion that the erection and use of the carport in the area previously occupied by the garden was a breach of the agreement.

The defendant has also assigned as error the court's conclusion that the defendant's breach of the agreement irreparably injured the plaintiff; that the plaintiff had no adequate remedy at law; and that the plaintiff was entitled to an injunction ordering the defendant to remove the iron railing and the potted or boxed trees, flowers or other vegetation from the carport roof, to remove the ramp connecting the carport roof and the second floor of the defendant's apartment building, and to refrain from using the carport roof in any manner whatsoever except insofar as it was necessary to maintain the carport in a reasonable state of repair and insofar as it served as a roof or shelter for motor vehicles parked in the carport.

The court concluded that the construction of the carport and the ramp connecting the roof of the carport with the second floor of the defendant's apartment building unduly impaired the enjoyment of the plaintiff's property and was a breach of the agreement. This conclusion, which has been attacked by the defendant, is amply supported by the court's finding that the roof of the carport was enclosed by an iron railing; that chairs and potted plants were placed on the roof of the carport; that the roof was used as a sun deck by the tenants of the defendant's

apartment building; that the voices and laughter of people using the roof of the carport as a sun deck could be heard in the plaintiff's apartment building; and that the tenants of the plaintiff's apartment building were thereby deprived of privacy.

The court further found that, in breach of the agreement, the view from the first- and second-floor apartments at the west end of the plaintiff's building was obstructed by the carport, and concluded that the carport unduly impaired the view from the plaintiff's property. The defendant has attacked this conclusion and finding. The conclusion is reasonably and logically based on the finding, and the finding is amply supported by the testimony of one of the plaintiff's witnesses which is printed in the appendix to the plaintiff's brief and by several photographs of the view from the plaintiff's apartment building which were admitted into evidence and were incorporated by reference in the finding.

Since the defendant's elimination of the garden and the construction of the carport, which constituted a breach of the agreement, have resulted in the undue impairment of the plaintiff's property and the undue impairment of the view from her property, it cannot be said that the court erred in concluding that breach of the agreement by the defendant caused the plaintiff irreparable injury. Hence the court's conclusion that there was no adequate remedy at law was not erroneous, nor did the court err in its ultimate conclusion that the plaintiff was entitled to a mandatory injunction requiring the removal of the ramp, the iron railings and the potted plants from the roof of the carport and restricting the use of the roof, inasmuch as such an injunction was consistent with and directed at the specific injuries suffered by the plaintiff as a result of the defendant's breaches.

The remaining assignments of error pursued by the defendant in his brief are without merit and require no discussion. Other assignments of error, not pursued by the defendant in his brief, must be treated as abandoned. *Horton* v. *Vickers,* 142 Conn. 105, 107, 111 A.2d 675.

There is no error.

In this opinion the other judges concurred.