SAMUEL LEWIS *v.* NETTIE LEWIS, ADMINISTRATRIX
(ESTATE OF IRVING LEWIS), ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, JS.

Argued December 8, 1971—decided March 1, 1972

*Sidney Vogel,* with whom was *J. Richard Fay,* for
the appellant (plaintiff).

*Joseph D. Harbaugh,* with whom was *Robert N. Grosby,* for the appellees (defendants).

HOUSE, C. J. This was an action in equity in which the plaintiff primarily sought to nullify the administration of an estate in the Probate Court for the district of Norwalk. The action was brought against Nettie Lewis, individually and as administratrix of the estate of her deceased husband, Irving Lewis, and against their children, Albert Lewis and Elsie Ashley. The gravamen of the complaint, in three counts, is that the plaintiff is also a son of Irving Lewis by a prior marriage and that by means of fraud and an illegal conspiracy the defendants wrongfully gained possession of the estate of Irving Lewis through the administration and distribution of his estate in the Probate Court for the district of Norwalk. The time for any appeal from the Probate Court pursuant to the provisions of General Statutes §§ 45-288 and 45-289 having expired, the plaintiff sought the aid of the equity jurisdiction of the Superior Court to correct an alleged "fraud and deception" practiced on the Probate Court. The finding of the court consists of 103 paragraphs, of which forty-two have been attacked by the plaintiff on this appeal. In addition, error is assigned in the refusal of the court to find the facts set forth in six paragraphs of the plaintiff's draft finding.

The trial court found the following material facts: Irving Lewis was married to Mary J. Callen on May 12, 1923, in Virginia. At the time of their marriage, Mary was pregnant by Irving and the plaintiff, Samuel Lewis, was born on December 15, 1923. Irving left his wife on the day of their marriage and later moved to Connecticut, where he married Nettie Robertson at Norwalk on October 10, 1923.

As a result of this union, the defendants Elsie Ashley (Elsie May Lewis) and Albert Lewis were born in 1925 and 1930 respectively. In 1931, Irving returned to Virginia to attend his mother's burial and was arrested for the nonsupport of Mary Callen. He appeared in court in Chatham, Virginia, on that charge and paid Mary Callen $600 for nonsupport and her withdrawal of all charges of desertion and nonsupport pending against him. Shortly thereafter, Mary Callen divorced him.

Irving died intestate in Norwalk on January 17, 1962, and Nettie Lewis was appointed administratrix of his estate. She died during the pendency of this action and Elsie Ashley was substituted for her as a party defendant both in her individual capacity and in her capacity as administratrix of Irving's estate. In her application to the Probate Court for the district of Norwalk for administration of Irving's estate, Nettie Lewis stated that he had died intestate and that his heirs were his wife Nettie and his two children Elsie and Albert. The application did not list the plaintiff, Samuel Lewis, as an heir and he never received notice of the application for administration of Irving's estate. He did, however, know that Irving was a resident of the city of Norwalk, learned of his death within one week thereafter, consulted an attorney in Virginia shortly after learning of Irving's death and in late 1962 or early 1963 consulted about Irving's death with the Connecticut counsel who subsequently instituted the present action. Notwithstanding this knowledge and consultation with attorneys, the plaintiff neither intervened in the then pending probate proceedings nor appealed from the probate proceedings. On February 14, 1963, the Probate Court for the district of Norwalk ordered distribution of Irving's

estate to the defendants as his heirs-at-law. The present action was commenced on March 11, 1964, after the expiration of the one-year limitation for taking a probate appeal as prescribed by General Statutes § 45-289.

Other facts found by the court are of significance. The plaintiff assumed the name of Samuel Callen or Callens throughout his lifetime and up to the commencement of this action. He was also known as Cheddie Callen and his three children were and are known under the name of Callens. He had never seen his father, Irving. In light of the plaintiff's claim of fraud, a determining and unattacked finding of fact by the court is particularly significant: "Neither Nettie Lewis nor Elsie Ashley nor Albert Lewis had any knowledge that plaintiff Samuel Lewis, also known as Samuel Callen, was a son of Irving Lewis, when the application for letters of administration was made by Nettie Lewis to the Probate Court, nor at any time during the administration of the estate of Irving Lewis, including the order of distribution and distribution of the estate to the defendants."

Among the conclusions reached by the trial court were the following: No representations of Nettie Lewis in the application for letters of administration were fraudulently made. The plaintiff failed to establish in any way that the defendants or any one of them secured the Probate Court decrees by fraud or imposition on the plaintiff or on the Probate Court. The failure of the plaintiff to participate in the probating of Irving's estate is fairly attributable to his own failure to make reasonable use of the information at his command and to his own negligence. No claim was made by the plaintiff basing a cause of action on accident or mistake, and

he was not prevented from making a defense or participating in the probate proceedings by accident or fraud. The ultimate conclusion of the court was: "Plaintiff has failed to sustain his burden of proof upon the essential allegations of all three counts of the complaint."

As we noted in *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 193, 148 A.2d 554, although equity has, in general, the same power to grant relief against probate judgments as against ordinary judgments, "[s]uch relief can be granted only if the court of equity concludes that the probate decree attacked is, or at least should be treated as, void because of fraud, mistake or a like equitable ground." See *Miller* v. *McNamara,* 135 Conn. 489, 495, 66 A.2d 359. In light of the conclusions of the court that the plaintiff failed to prove the essential allegations of his complaint claiming fraud and conspiracy, its conclusion that he was not prevented from participating in the probate proceedings by reason of accident or fraud but rather that his failure to participate in the probate proceedings was attributable to his own failure to make reasonable use of the information at his command and to his own negligence, it is obvious that the plaintiff cannot prevail on this appeal if the findings of fact support those conclusions. Conclusions supported by the findings "must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Lipscomb* v. *Renzulli,* 159 Conn. 570, 572, 271 A.2d 327; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

Despite the plaintiff's many assignments of error directed at the court's finding, we do not find that it

is subject to correction in any respect which would aid him. So far as the facts which he seeks to have added are concerned, we do not find that they were either admitted or undisputed. "Facts are not admitted or undisputed merely because they are not contradicted. The question of credibility is for the trier. *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence." *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123; *Blatt* v. *Star Paper Co.,* 160 Conn. 193, 201, 276 A.2d 78. Nor will a finding be corrected by the addition of facts that will not affect the result. *Malone* v. *Steinberg,* 138 Conn. 718, 720, 89 A.2d 213; *Tortorici* v. *Sharp Moosop, Inc.,* 107 Conn. 143, 144, 139 A. 642.

The decisive issue in this case was whether any fraud or deception was practiced on the Probate Court. "Fraud is not to be presumed, but must be strictly proven. The evidence must be clear, precise and unequivocal." *Basak* v. *Damutz,* 105 Conn. 378, 382, 135 A. 453; *Shaub* v. *Phillips, Inc.,* 117 Conn. 54, 58, 166 A. 671. We find nothing in the appeal which would justify, much less require, us to disturb the material findings of fact and the conclusions which the trial court reached from those findings—that the plaintiff "failed to sustain his burden of proof upon the essential allegations of all three counts of the complaint."

There is no error.

In this opinion the other judges concurred.