THOMAS F. DiMAGGIO *v.* JOSEPHINE CANNON

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued April 6—decided May 2, 1973

*Garon Camassar,* for the appellant (defendant).
*C. Robert Satti,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff and the defendant are brother and sister and are owners of adjoining tracts of land situated in the city of New London. Prior to 1939, the parents of the parties held title to both parcels as one tract of land. In 1939, the parents deeded to the plaintiff the easterly portion of the tract with a forty-five-foot frontage on the city street. At the time the plaintiff received his deed in 1939, there existed an old fieldstone wall about three feet wide on the easterly boundary of his land. In 1940, the plaintiff built a foundation for his home with some stones from the stone wall. After the foundation was completed, the plaintiff, with the help of his father, replaced the southerly eighty feet of the old fieldstone wall with a new flat-faced wall having a cement cap which was about twelve inches wide. In 1967, the defendant obtained the remainder of the tract. During 1967, the defendant caused to be erected a chain-link fence one and one-half feet east of the location of a fence erected in 1946 by the plaintiff, his father, and Walter Cannon, the defendant's husband, as the westerly boundary of the plaintiff's premises.

The basic issue of this action to determine title was, as litigated, whether the starting point in measuring the frontage of the plaintiff's tract runs from the east face or the west face of the wall constructed in 1940 by the plaintiff and his father at the easterly

boundary of the plaintiff's tract. The court found the issues for the plaintiff, and the defendant has appealed.

There were three assignments of error raised by the defendant but two of them have not been pursued in the brief and consequently are treated as abandoned. *Housing Authority* v. *Dorsey,* 164 Conn. 247, 320 A.2d 820; *Lipscomb* v. *Renzulli,* 159 Conn. 570, 576, 271 A.2d 327. The only assignment of error pursued in the defendant's brief relates to a single ruling on evidence.

While the defendant was a witness, she was asked by her attorney what John Peters, deceased, a former owner of land abutting the plaintiff's land to the east, had said concerning the location of "the wall." This statement was apparently made in the presence of the plaintiff, his father, and the defendant when they were together prior to the rebuilding of the wall in 1940 at the plaintiff's easterly boundary. There was an objection by the plaintiff on the ground of hearsay. Thereafter the court inquired specifically whether the conversation took place before the new wall was built. The defendant's counsel informed the court that the conversation occurred subsequent to the removal of part of the old wall but prior to the building of the new wall. The court then stated that "if the wall had been in existence I would permit a conversation about it. But at that time, since it was only a twinkle in the mind of everybody, I'm going to sustain the objection." The defendant then took an exception.

The defendant claims that the evidence was admissible as an exception to the rule prohibiting hearsay since it was the statement of a deceased

abutter concerning a boundary line. Had the court not stated that it would have permitted the hearsay evidence if the conversation had occurred after the construction of the wall, the ruling could have been supported simply on the ground that a declaration relating to an intention concerning the location of a wall is inadmissible as hearsay. *Carney* v. *Hennessey,* 74 Conn. 107, 113, 49 A. 910. Since the rationale of the ruling was that the wall was not constructed, this basis would have no bearing on the admissibility of a declaration of a deceased person relating to a boundary line, if the declaration came within an exception to the hearsay rule. The issues of the case and counsel's comments at the time of the offer of the declaration were sufficient to alert the court that the declaration would be offered as evidence to establish a boundary line.

Under our rules of procedure the sanction of an oath and the test of cross-examination are required before evidence may be admissible. On proper objection hearsay evidence is inadmissible unless the circumstances surrounding the hearsay provide some other sanction or test deemed equivalent for ascertaining the truth. *South-West School District* v. *Williams,* 48 Conn. 504, 507. In cases involving the location of boundaries, the rule has been clearly settled. The admission of hearsay evidence is permissible if the following conditions are met: (1) that the declarant has died; (2) that it must appear that the declarant would have been qualified as a witness to testify if present, and especially that he had peculiar means of knowing the boundary; (3) that the statement was made before the controversy, in the trial of which the declaration is offered, had arisen; and (4) that the declarant had

no interest to misrepresent in making the declaration. *Turgeon* v. *Woodward,* 83 Conn. 537, 541–42, 78 A. 577; see also *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 514, 227 A.2d 83; *Mentz* v. *Greenwich,* 118 Conn. 137, 144, 171 A. 10; *Borden* v. *Westport,* 105 Conn. 139, 149, 134 A. 803; 5 Wigmore, Evidence (3d Ed.) § 1566; 12 Am. Jur. 2d, Boundaries, §§ 106, 107.

It is only the fourth condition that must be considered as it is clear that the first three conditions were met in this case. "By 'no interest to misrepresent' is meant freedom from selfish motive or self-interest, or personal advantage; disinterested not merely in the sense of having no pecuniary interest, but in the broader sense of being absolutely impartial and indifferent to the controversy on trial." *Turgeon* v. *Woodward,* supra, 542. In 1 Swift, Digest, p. 766, the rule was enunciated that "declarations of old people respecting the ancient bounds or monuments between the lands of individual proprietors, who were acquainted with them, have constantly been admitted in evidence." See also *Wooster* v. *Butler,* 13 Conn. 309, 316; *Higley* v. *Bidwell,* 9 Conn. 447, 451. As early as 1793, in *Porter* v. *Warner,* 2 Root 22, however, it was cautioned that declarations of an owner or abutter must be against his own interest to be admissible. See *Smith* v. *Martin,* 17 Conn. 399, 401. In *Turgeon* v. *Woodward,* supra, 549, after a complete review of the cases and authorities on this matter the rule was established that the declaration of an abutter need not be against his own interest to be admissible to establish a boundary line so long as the circumstances surrounding the making of the statement were such as to "forbid a conclusion" that it may

have been made through misrepresentation, and to compel the conclusion that it was impartial and disinterested.

With these principles in mind, and examining the evidence introduced before the ruling was made by the court, we find it clear that Peters had a direct interest in the location of the boundary line between his own property and that of the plaintiff. No attempt was made by the defendant to lay a foundation to establish that even though Peters had been an abutter, his declarations were made under circumstances that would compel the conclusion that it was impartial and disinterested.

The ruling of the court was not in error although it was based on an erroneous ground. *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 235, 278 A.2d 771; *Keyes* v. *Brown,* 155 Conn. 469, 476, 232 A.2d 486.

There is no error.

In this opinion the other judges concurred.