MICHAEL A. GUTOWSKI ET AL. *v.* CITY OF NEW BRITAIN ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 10—decided May 23, 1973

*Frederick W. Odell,* for the appellant-appellee (defendant Berg).

*Richard K. Lublin,* with whom, on the brief, were *Marc Nemirow* and *Dennis Kantor,* for the appellees-appellants (plaintiffs).

SHAPIRO, J.   This action was brought in three counts by the nineteen-year-old plaintiff, Michael A. Gutowski, acting by his mother and next friend, Dorothy G. Mozden, who also sued in her individual capacity.   The suit was to recover damages for injuries allegedly caused to Michael by an assault and battery committed upon his person.   In the first count the plaintiffs sought to recover against police officers Roland Beauchemin, Harold F. Berg, George Berescik and their employer, the city of New Brit-

ain. In the second count they sought recovery against the city of New Britain and in the third count recovery against certain named individuals acting in the capacity of police commissioners of the city of New Britain. Following a demurrer sustained by the court as to the defendant city and the defendant police commissioners, the plaintiffs proceeded to trial under the first count against the three police officers named in the complaint. The court found in favor of the defendant police officer Berescik and against the defendant police officers Berg and Beauchemin, awarding damages in the amount of $3882.50 to the named plaintiff and in the amount of $617.50 to his mother. The defendant Berg alone appealed and the plaintiffs filed a cross appeal.

The defendant Berg has assigned error in the failure of the court to find certain facts on the claim that they were undisputed and in the finding of other facts on the claim they were found without evidence. These assignments of error have not been pursued in the defendant's brief and are, therefore, treated as abandoned. *Gentile* v. *Ives,* 159 Conn. 443, 444, 270 A.2d 680; *Martin* v. *Kavanewsky,* 157 Conn. 514, 516, 255 A.2d 619; *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67. Error is also assigned in some of the conclusions reached by the court.

The following facts were found: The named plaintiff, hereinafter called the plaintiff, then nineteen years old, was involved in a minor motor vehicle accident and thereafter was brought by Officer Berg to the station in New Britain about 12:20 a.m. He had been drinking and while being questioned there was uncooperative in his attitude and behavior. The defendants Beauchemin and

Berg, New Britain police officers, used concerted physical force in the police station to control and restrain the plaintiff. This force included inflicting blows by these defendants on the side of the plaintiff's head and other parts of his body as a result of which he suffered a fracture of the left zygoma with displacement downward which necessitated surgical treatment. As a result of the blows inflicted by these defendants, the plaintiff suffered a marked ecchymosis of the left orbital and periorbital regions with some swelling of the infraorbital region, a contusion over the occiput and another over the neck. The periorbital and infraorbital regions were tender to the touch. As a result of these blows, the plaintiffs incurred medical expenses of $617.50 and lost wages for a six-week period. While standing before the desk in the police station, the defendant Beauchemin hit the plaintiff on the left side of the face while the defendant Berg stood on the right side of the plaintiff, who was thrown up against the defendant Berg, who grabbed him and prevented his falling. As the plaintiff was being taken down the hall to the cellblock, the defendant Berg held his right arm and the defendant Beauchemin held his left arm up behind his back and the latter hit the plaintiff in the head. The defendant Berg struck the plaintiff on the right shoulder and in the area between his neck and shoulder. The defendant Berg held the plaintiff while he was being struck by the defendant Beauchemin. The defendant Berg made no attempt to cause the defendant Beauchemin to cease beating the plaintiff. The injuries to the plaintiff occurred at different times and places in the police station.

From the foregoing facts, the court concluded that the defendants Beauchemin and Berg acted concur-

rently in committing an assault and battery on the plaintiff; that these defendants exceeded the limitation of action imposed on them in their position as policemen; that their assault and battery on the plaintiff was the proximate cause of his injuries; and that these defendants were joint tort-feasors and were jointly and severally liable to the plaintiff for damages.

These conclusions are to be tested by the finding. *Lipscomb* v. *Renzulli,* 159 Conn. 570, 572, 271 A.2d 327; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. They must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Lipscomb* v. *Renzulli,* supra; *Brauer* v. *Freccia,* supra; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The defendant Berg's basic claim is that the evidence failed to support the conclusions that his conduct was the proximate cause of the plaintiff's injuries and damages and that he was jointly and severally liable. "Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants." *Sparrow* v. *Bromage,* 83 Conn. 27, 28, 74 A. 1070; *New Haven Trust Co.* v. *Doherty,* 74 Conn. 353, 357, 50 A. 887; *Chapin* v. *Babcock,* 67 Conn. 255, 256, 34 A. 1039. To require the party injured to ascertain and point out how much of the injury was done by one person and how much by another would in many cases be

equivalent to a practical denial of justice. The law does not require this, but, on the other hand, permits the party injured to treat all concerned in the injury as constituting one party who by their joint cooperation accomplished certain injurious results and who are liable to respond to the plaintiff in a gross sum as damages. 1 Cooley, Torts (4th Ed.) p. 252. Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor. Restatement (Second), 2 Torts § 433 B (2); see also 86 C.J.S., Torts, § 34.

In view of the unattacked facts found by the court and in light of the foregoing discussion, the defendant Berg cannot prevail by attempting to throw on the plaintiff the burden of specifying which injuries in fact the defendant Berg alone inflicted. The court found that both defendants acted maliciously, willfully and without provocation in beating the plaintiff. These circumstances surrounding the assault and battery here clearly justify the application of the rule as to joint liability and no apportionment of harm among joint tort-feasors. For this reason, we find no merit in the defendant Berg's appeal.

The plaintiffs' cross appeal raises the claim that the award of $3882.50 was inadequate and entirely disproportionate to the injury. In support of this claim, they have assigned as error the court's refusal to find as a material, undisputed fact that the plaintiff's damages included permanent partial disability. Where a party appealing seeks to add facts

to the finding on the ground that they are admitted or undisputed, he must point to evidence printed in the appendices, the pleadings or an exhibit properly before the court which discloses that the opponent admitted that the fact in question was true or that its truth was conceded to be undisputed. *Brockett* v. *Jensen,* 154 Conn. 328, 330, 225 A.2d 190; Maltbie, Conn. App. Proc. § 158. Where, as here, the appealing party prints no evidence, this court will decide the matter on that printed by the opposing party. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 404–5, 225 A.2d 637; *Brooks* v. *Singer,* 147 Conn. 719, 720, 158 A.2d 745.

From the evidence in the defendant Berg's appendix to his brief, it appears that there was medical testimony to the effect that the plaintiff suffered a permanent partial disability of 10 to 15 percent as a result of facial deformity and facial numbness. This evidence by itself does not entitle the plaintiffs to a correction of the finding; that a fact was testified to and was not directly contradicted by another witness is wholly insufficient. Practice Book § 628 (a); *Brauer* v. *Freccia,* 159 Conn. 289, 290, 268 A.2d 645. The trier—here the court— alone has the advantage of hearing testimony from the witnesses and the opportunity to evaluate their credibility. As the trier, it is the sole arbiter of the credibility of witnesses and it is privileged to adopt whatever testimony it reasonably believes to be credible. *Tartaro* v. *La Conte,* 157 Conn. 583, 584, 254 A.2d 912. Thus, although there was testimony introduced on the question of permanent facial numbness, it is apparent that the court was not persuaded by the plaintiff's evidence. The court's refusal to find that the plaintiff sustained an injury causing permanent facial numbness is explained in its memorandum of

decision in which the court discussed the plaintiff's "facial numbness which *allegedly* [emphasis added] had persisted to the time of trial." In any event, it cannot be said that the court erroneously overlooked this claim on the part of the plaintiffs or neglected to incorporate it as a conceded fact. Compare, e.g., *Watrous* v. *Sinoway,* 135 Conn. 424, 427, 65 A.2d 473. The plaintiffs' argument on appeal appears even more insubstantial in face of the medical testimony of one witness who attributed part of the plaintiff's facial condition to a skull fracture which occurred early in life. In view of the unattacked finding of the court that the plaintiff has made an excellent recovery from an appearance standpoint, little remains to support the assertion that the award of damages inadequately compensates the plaintiff for permanent injuries. Accordingly, we conclude that the award of damages was in a reasonable amount to compensate the plaintiff for the damage he sustained as a result of the defendants' actions.

There is no error on either appeal.

In this opinion the other judges concurred.