CHRISTOPHER LAMB ET AL. *v.* TYRONE A. PECK ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 3—decision released April 14, 1981

*Peter W. Rotella*, for the appellants (defendant Kevin Tobey et al.).

*Martin Zeldis*, for the appellants (defendant Derwin Gaston et al.).

*Sidney Axelrod*, for the appellees (plaintiffs).

WRIGHT, J.  This assault and battery action arises from a fracas which occurred on September 25, 1975, as the five participants, all minors 16 years old, were released from detention hall at Fitch Senior High School in Groton.  The trial court held the four minor defendants to be liable to the named plaintiff, Christopher Lamb, for $3000 damages and to be liable to Lamb's father for $540.[1]  The court held the parents of the four minor defendants jointly and severally liable for $1500 in damages because it concluded that the minors wilfully and maliciously caused Lamb's injuries.  On appeal, the defendants[2] challenge the court's conclusion that the defendants' action was wilful and malicious within the meaning of General Statutes § 52-572[3] (as it

---

[1] This sum represents the amount of a medical bill paid by Lamb's father.

[2] Neither the named defendant nor his parents have appealed from the judgment rendered by the trial court.

[3] "[General Statutes] Sec. 52-572.  PARENTAL LIABILITY FOR TORTS OF MINORS.  DAMAGE DEFINED.  The parent or parents or guardian of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person, or, having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle, shall be jointly

existed in 1975) and its finding that the minor defendants' action was sufficiently united to support a judgment of joint and several liability.

With respect to the court's conclusion that the minor defendants acted together, we cannot say that the court's determination was clearly erroneous. See Practice Book § 3060D. There was testimony that all four minor defendants encircled Lamb, blocking his escape. All four caused him to be knocked to the ground. Each of the four either punched, kicked at or pushed him. We reject the defendants' contention that the four did not act in concert merely because the named defendant, Peck, concededly threw the punch that caused Lamb to lose three teeth. The other defendants' action in deliberately aiding Peck by blocking Lamb's escape, attempting to kick Lamb and knocking Lamb to the ground, amply justified the conclusion that the minors were acting in concert. See Restatement (Second), Torts § 876 (a). " 'Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.' " *Gutow-*

and severally liable with such minor or minors for such damage or injury to an amount not exceeding fifteen hundred dollars, if such minor or minors would have been liable for such damage or injury if they had been adults; provided nothing herein shall be construed to relieve such minor or minors from personal liability for such damage or injury. The liability herein provided for shall be in addition to and not in lieu of any other liability which may exist at law. As used in this section, "damage" shall include depriving the owner of his property or motor vehicle or of the use, possession or enjoyment thereof."

The fifteen hundred dollar limitation subsequently has been raised to three thousand dollars.

*ski* v. *New Britain,* 165 Conn. 50, 54, 327 A.2d 552 (1973). Where, as here, the evidence supports the conclusion that there was concerted action, each participant is vicariously liable for the entire injury caused by the concerted action. Prosser, Law of Torts § 46. Because each participant is vicariously liable for the damages caused by those with whom he acts, there is no logical basis upon which damages can be apportioned. See id., § 52.

The defendants also maintain that their conduct was not "wilful and malicious" as those words are used in General Statutes § 52-572. We disagree. The applicable statutory requirement for parental liability is that the minor wilfully or maliciously causes injury to a person. General Statutes § 52-572. We conclude that this requirement is met where a minor intentionally aids another who intentionally injures a third person. Because there was evidence indicating that all four minor defendants acted intentionally and in concert, the trial court correctly imposed liability on the defendant parents under § 52-572.

There is no error.

In this opinion the other judges concurred.