[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TOTERMINATE AUTOMATIC STAY OF EXECUTION
Before the court is the defendant's motion to terminate the automatic stay of execution of the court's judgment on the verdict. The defendant's house has been subject to a $50,000 real estate attachment in favor of the plaintiff for five years.
This case is a tort action seeking damages for personal injuries sustained when the plaintiff went upon the defendant's premises to reprimand the defendant for allowing a dog to defecate on a friend's lawn. It was tried to a general verdict. The jury found for the defendant. The plaintiff appealed.
The plaintiff pled in his complaint that the defendant's conduct in pushing the plaintiff away from him as he came near him was intentional, negligent and reckless.
The court and both counsel went over the entire charge prior to its delivery and it was agreed that no special interrogatories would be submitted to the jury and that no one had any exceptions to the charge to be delivered. Nonetheless, the plaintiff took exception to the following portion of the same charge after it was delivered.
 Now, if you find that the defendant's acts were not unlawful, you would find the issues for the defendant. If you also find here that the defendant's acts were unlawful but that the plaintiff was himself guilty of unlawful conduct which was a substantial factor in causing his own injuries and damages by causing the defendant to physically defend himself, taking the responsibility for such unlawful causative acts or both parties at one hundred percent, if you find that the plaintiff was more than fifty percent so responsible, then his lawsuit would be barred and you would find the issues for the defendant. CT Page 7925
The motion to terminate stay is granted because (1) despite the plaintiff's contentions, there is an abundance of evidence from which the jury could have found for the defendant; (2) when statute law bars recovery where a plaintiff's own contributory negligent or reckless conduct is more than 50% responsible for causing his own injuries and damages, the living common law should do likewise for more culpable intentional contributory conduct on the plaintiff's part; (3) these considerations and the general verdict rule makes the prospect of the plaintiff's appeal success unlikely.
The court will first take up the plaintiff's contention that there was a lack of evidence before the jury to find for the defendant. The plaintiff himself conceded he was angry on the day he went to the defendant's yard. The defendant was in his yard with his two young children, ages 14 and 11, getting ready for a picnic. There is evidence from which the jury could have found that the plaintiff went upon the defendant's premises uninvited and with a loud voice walked quickly toward the plaintiff. He was angry at the defendant because the defendant's dog had defecated on the plaintiff's girl friend's lawn. The plaintiff walked within a foot of the defendant's face. There was further evidence that the defendant took no offensive measures against the plaintiff but in his own defense, pushed him away and then retreated to his house. When asked whether he tried to retreat at all just before he pushed him, the defendant stated before the jury "I didn't have time to; everything happened so fast. He just kept on coming at me and I just pushed him because I thought I was going to be in danger." When asked "Did you have time to think?", he responded, "Did I have time to think? No, it happened all too quickly."
Therefore, there was ample evidence that the defendant did not act intentionally, negligently or recklessly to hurt the plaintiff but used force to defend himself from an angry uninvited neighbor's guest who was approaching him while shouting. This and the other case evidence and inferences which could logically be drawn from it, permitted the jury to find for the defendant.
Therefore, the court rejects the plaintiff's contention that there was not enough evidence to warrant the jury's findings.
The court will next take up the plaintiff's assertion that CT Page 7926 an error in the charge on the bar resulting from the plaintiff's contributory wrongful conduct, including intentional conduct, should warrant setting aside the verdict.
There is authority under the doctrine of Gutowski v. Cityof New Britain, 165 Conn. 50, 58 (1973), for the proposition that where the tortious conduct of two or more actors has combined to bring about harm to a party and one of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor. The common law is not dead. It lives. See: Common law judging in a statutory world; an address. Ellen Ash Peters. University of PittsburghLaw Review, Summ 1982 43 n. 4 p. 995-1011. Where statutes regulate certain forms of human conduct, then it is the object of the living common law to reconcile court made case law so that it is in logical harmony with those laws the legislature has enacted to govern us on distinct but related subjects. The result of such a melding is one consistent body of law. A person is barred by statute from recovery where he is more than 50% responsible for causing his own injuries or damages because of contributory unintentional negligent or reckless conduct. How then can recovery be permitted to a plaintiff who more culpably intentionally engaged in the conduct which proximately caused by more than 50% his own injuries and damages? If the common law lives in this statutory world, the answer must be that under it such more culpable causal intentional conduct must bar recovery. Otherwise, the common law would permit the intentional miscreant to recover where by statute the merely negligent person could not.[1]
Finally, apart from the court's view of these considerations, the general verdict rule seems to present a mountainous barrier to the appeal. Under it, the jury is presumed to have found all issues raised by the complaint against the plaintiff, i.e. that the defendant's conduct was neither intentional, reckless or negligent. Therefore, any supposed error in the charge related to the separate special defense and the bar of the plaintiff's own wrongful conduct that defense raises seems unlikely to prevail on appeal. In a general verdict case like this, an appellate court is unable to determine whether the case against the defendant was resolved by the jury on the basis of either the plaintiff's failure to prove the case or the defendant's successful assertion of a special defense. Stone v.Bastarache, 188 Conn. 201, 204 (1982). The defendant's denial CT Page 7927 of intentional reckless and negligent conduct alleged in the complaint constitutes one defense. The defendant's allegation by special defense of contributory wrongful conduct on the part of the plaintiff constitutes another distinct defense. Either one could support a general verdict. LaFleur v. FarmingtonRiver Power Co., 187 Conn. 339, 342 (1982). Assuming, arguendo, that the court's charge as to the defendant's special defense was in error, according to the general verdict rule if the court's instructions are shown to be proper and adequate as to the plaintiff's complaint, the general verdict will stand irrespective of any alleged error in the charge as to the special defense. Johnson v. Pagano, 184 Conn. 594, 596.
The court finds pursuant to section 4046 that due administration of justice requires that the statutory stay be terminated. The defendant has won his verdict before the jury. The court has refused to set it aside. Based on the defendant's reasons for appeal, the chances of success on appeal seem slim in light of the evidence before the jury, the living common law and the general verdict rule.
For all of these reasons, the motion to terminate the stay is granted.
FLYNN, J.