[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Anthony J. Santagata, Sr. (plaintiff/parent) and Anthony J. Santagata, Jr. (plaintiff/minor), filed a six count amended complaint on May 19, 1997. Counts one, two and three allege, respectively, that the defendant/minor, Chiwat Engtrakul, negligently, recklessly, and/or intentionally caused personal injury to the plaintiff/minor during varsity baseball practice. Counts four, five and six, respectively, reincorporate the allegations of counts one, two and three and further allege that the defendant/parent, Somchai Engtrakul, is responsible for the negligent, reckless, and/or intentional conduct of his son, the defendant/minor.
On July 30, 1997, the defendant/minor filed a motion to strike as to counts one, two and three, and the defendant/parent filed a motion to strike counts four, five and six. The defendant/minor moves to strike the first count, which alleges negligence, on the ground that it fails to allege sufficient facts establishing that the defendant/minor owed any legal duty to the plaintiff/minor. He further moves to strike counts two and three on the ground that the plaintiffs have relied upon the same facts as contained in count one and, therefore, have failed to allege sufficient facts to support a claim for either reckless or intentional conduct on the part of the defendant/minor.
The defendant/parent moves to strike the fourth count, which CT Page 12742 alleges negligence, on the grounds that parents are not liable for the torts of their children at common law unless the parent is independently negligent, and that the plaintiffs fail to allege facts establishing that the defendant/parent owed a legal duty to the plaintiff/minor. Additionally, the defendant/parent moves to strike the fifth and sixth counts on the ground that the plaintiffs have relied upon the same facts as contained in count four and, therefore, have failed to allege sufficient facts to support a claim for either reckless or intentional conduct on the part of the defendant/minor.
As required by Practice Book § 155, the defendants separately filed memoranda in support of their motions to strike. The plaintiffs did not comply with Practice Book § 155 as they failed to file any memoranda in opposition to the motions to strike.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The court is limited to the facts alleged in the plaintiffs' complaint in ruling on a motion to strike, and the court construes such facts in a light most favorable to the plaintiff. Id. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors. Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citation omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 580.
The plaintiffs allege a cause of action for negligence against the defendant/minor the first count. The defendant/minor moves to strike the first count on the ground that it fails to allege sufficient facts establishing that the defendant/minor owed any legal duty to the plaintiff/minor.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., supra, CT Page 12743231 Conn. 384. "The law does not recognize a duty in the air." Shorev. Stonington, 187 Conn. 147, 151 (1982). "In order to recover in a tort case, the plaintiff must show that the defendant has breached a legal duty owed to him." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 44-45, 492 A.2d 219 (1985). "The requisite duty to use care may stem from a contract, from a statute, or from circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result." Id., 45.
In count one, the plaintiffs allege that the defendant/minor conducted himself in a negligent manner, thus causing injury to the plaintiff/minor. The plaintiffs, however, failed to allege any legal duty owing from the defendant/minor to the plaintiff/minor, whether it flow from contract, a statute, or the surrounding circumstances. Therefore, the motion to strike count one is granted. See Sheiman v. Lafayette Bank Trust Co.,
supra, 4 Conn. App. 44-45 (affirming the trial court's grant of a motion to strike for failure to allege a duty owed to the plaintiff by the defendant in an action for negligence).[2]
In count two, the plaintiffs allege that the defendant/minor acted in a reckless and wanton manner, thereby causing injury to the plaintiff/minor. Additionally, the plaintiffs allege in count five that the defendant/parent is responsible for the defendant/minor's reckless conduct and the damage it caused. The defendant/minor moves to strike the second count on the ground that the plaintiffs relied upon the same factual allegations as those contained in count one, which alleges negligence, and, therefore, have failed to allege sufficient facts to support a claim for reckless conduct by the defendant/minor. The defendant/parent moves to strike count five on the same grounds.
"It is well established that causes of action for negligence and `wilful or malicious conduct' are separate and distinct causes of action . . ., and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Warner v.Leslie-Elliott Constructors. Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). See also Kostiuk v. Queally, 159 Conn. 91, 94,267 A.2d 452 (1970) (same); Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58 (1958) (same). "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants"; Warner v.CT Page 12744Leslie-Elliott Constructors, Inc. supra, 194 Conn. 139; and "[a] specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy, supra,145 Conn. 91. "Simply using the word reckless or recklessness is not enough." (Internal quotation marks omitted.) Kostiuk v. Queally,
supra, 159 Conn. 94. See also Dumond v. Denehy, supra,145 Conn. 91 (same). "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." Anderson v. Ansaldi, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 452576 (January 22, 1993, Berger, J.) (8 Conn. L. Rptr. 242).
In the present case, the plaintiffs incorporated the factual allegations from the first count, which sounded in negligence, into the second and fifth counts, which both sounded in recklessness. "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." (Citation omitted; internal quotation marks omitted.) Sheiman v.Lafayette Bank Trust Co., supra, 4 Conn. App. 45. The plaintiffs, however, failed to allege that the defendant/minor made such a conscious choice. In fact, the plaintiffs failed to allege any additional facts other than those originally alleged in the negligence count. Instead, the plaintiffs merely injected the words "reckless," "wanton," "wilful," and "malicious" into the second and fifth counts in an attempt to state a separate cause of action. Therefore, the motions to strike the second and fifth counts is granted.
In the third count, the plaintiffs alleged that the intentional conduct of the defendant/minor caused injury to the plaintiff/minor. Additionally, the plaintiffs alleged in the sixth count that the defendant/parent is responsible for the defendant/minor's intentional conduct and the damage it caused. The defendant/minor moves to strike the third count on the ground that the plaintiffs relied upon the same factual allegations as those contained in the first count for negligence and, therefore, have failed to allege sufficient facts to support a claim for intentional conduct by the defendant/minor. The defendant/parent moves to strike the sixth count on the same ground. CT Page 12745
"The term intent denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it." (Internal quotation marks omitted.) Brown v. Branford,12 Conn. App. 106, 108, 529 A.2d 743 (1987). "In terms of intentional tort . . ., the use of the word intent in allegations is not a talisman that can change the allegations into colorable claims of true intentional torts." (Internal quotation marks omitted.)Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 668,613 A.2d 838 (1992). "A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, supra, 12 Conn. App. 110, citingKostiuk v. Queally, supra, 159 Conn. 94; Dumond v Denehy, supra,145 Conn. 90-91.
In the present case, the plaintiffs incorporated the factual allegations from count one, which sounded in negligence, into counts three and six, which both allege intentional conduct. The plaintiffs, however, failed to allege that the defendant/minor intended to cause the consequences of his actions and/or that these consequences were substantially certain to follow. In fact, the plaintiffs failed to allege any additional facts other than those originally alleged in the negligence count. Instead, the plaintiffs merely injected the word "intentional" into counts three and six as an attempt to state separate causes of action. Therefore, the motions to strike the third and sixth counts is granted. See Quimby v. Kimberly Clark Corp., supra,28 Conn. App. 665-68 (affirming the trial court's grant of a motion to strike for failure to allege sufficient facts to state a cause of action based on an intentional tort).
In the fourth count, the plaintiffs alleged that the defendant/parent was responsible for the defendant/minor's negligent conduct, as well as the resulting damage. Defendant/parent moves to strike this count on the grounds that parents are not liable for the torts of their children at common law unless the parent is independently negligent.
"At common law parents were not liable for the torts of their children unless they themselves were independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies." LaBonte v. Federal Mutual Ins.CT Page 12746Co., 159 Conn. 252, 256, 268 A.2d 663 (1970). To allege a common law claim, a plaintiff would need to allege that the parent failed to restrain a child that they knew or should have known had dangerous propensities, or that the parent negligently entrusted a dangerous instrumentality to the child. Without such an allegation, the complaint would be open to a motion to strike. See Czulewicz v. Raymond, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 100248 (November 20, 1990, Cioffi., J.) (granting a motion to strike for failure to allege either that the defendant/parent knew or should have known that her child had dangerous propensities, or that the defendant/parent negligently entrusted a dangerous instrumentality to her child).
In this case, the plaintiffs did not allege that the defendant/parent failed to restrain the defendant/minor whom he knew or should have known had dangerous propensities, nor did the plaintiffs allege that the defendant/parent negligently entrusted a dangerous instrumentality to the child. The plaintiffs merely alleged that the defendant/parent was responsible for the defendant/minor's negligent conduct and the damage it caused. As such, the plaintiffs have failed to allege a cause of action under the common law for parental liability for the tort of a minor.
The defendant/parent further contends that the plaintiffs failed to allege a statutory claim under General Statute §52-572, which provides for parental liability for the torts of minors.[3] Pursuant to Practice Book § 109A(a), "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Despite employing the word "shall," the Connecticut Supreme Court has found "Practice Book § 109A [to be] directory rather than mandatory." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, supra, 231 Conn. 796, citing Rowe v. Godou,209 Conn. 273, 275, 550 A.2d 1073 (1988). As such, non-compliance with Practice Book § 109A will not automatically be fatal to a pleading. See Rowe v. Godou, supra, 209 Conn. 275.
"The legislature in its desire to recognize the need for a deterrent to the rise of juvenile delinquency passed [General Statute § 52-572] for the purpose of placing upon the parent the obligation to control his minor child so as to prevent it from intentionally harming others. It is significant to note that the legislature wrote into the statute the words 'wilfully CT Page 12747 or maliciously. "' (Emphasis added.) Lutteman v. Martin,20 Conn. Sup. 371, 373, 135 A.2d 600 (1957). See also Lamb v. Peck,183 Conn. 470, 473, 441 A.2d 14 (1981) (finding the wilful or malicious "requirement . . . met where a minor intentionally aids another who intentionally injures a third person").
In the fourth count, the plaintiffs do not allege that the defendant/parent is responsible for the wilful or malicious conduct of the defendant/minor. Rather, the plaintiffs allege that the defendant/parent is responsible for the defendant/minor's negligent conduct.[4] Under General Statute § 52-572, a parent is liable only for a minor's wilful or malicious conduct, not for conduct merely amounting to negligence. As such, the plaintiffs have failed to allege a cause of action under General Statute § 52-572, as well as under the common law for parental liability. Therefore, the defendant/parent's motion to strike the fourth count is granted.
The defendant/minor's motion to strike is granted with respect to counts one, two and three. The defendant/parent's motion to strike is granted with respect to count four, five and six.
Howard F. Zoarski Judge Trial Referee