247 P.3d 192

Daniel T. CHAPPELL, a single man,
Steve C. Romano, a single man,
Plaintiffs/Appellants,

v.

William WENHOLZ, Michael and Shana
Bean, Defendants/Appellees.

No. 1 CA–CV 10–0234.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 8, 2011.

**310**

LaVelle & LaVelle, PLC By Michael J. LaVelle, Matthew K. LaVelle, Phoenix, Attorneys for Appellants.

Holloway Odegard Forrest & Kelly PC By Charles M. Callahan, Phoenix, Attorneys for Appellee Wenholz.

Allen & Lewis, PLC By Robert K. Lewis, Caitlin O'Connell, Phoenix, Attorneys for Appellees Bean.

## OPINION

TIMMER, Chief Judge.

¶ 1 In this appeal we decide whether participants in a brawl can be held jointly liable under Arizona Revised Statutes ("A.R.S.") section 12–2506(D)(1) (2003) for injuries inflicted on common foes. We hold that under the circumstances of this case, sufficient evidence exists that defendants/appellees William Wenholz and Michael Bean acted in concert to inflict injuries on plaintiffs/appellants Daniel T. Chappell and Steve C. Romano. The trial court erred by entering partial summary judgment to the contrary, and we therefore reverse and remand for additional proceedings.

1. Only Wenholz and Bean are parties to this appeal. The court entered a default judgment

## BACKGROUND

¶ 2 As with many encounters ending in fisticuffs, the parties' respective accounts of the events are in conflict. We view the evidence and all reasonable inferences in the light most favorable to plaintiffs/appellants Chappell and Romano (collectively, "plaintiffs"), however, as the parties against whom partial summary judgment was entered. *State v. Mabery Ranch, Co.*, 216 Ariz. 233, 239, ¶ 23, 165 P.3d 211, 217 (App.2007).

¶ 3 On May 8, 2005, Chappell and Romano visited a bar at a Tempe hotel. As they exited the bar, they encountered Wenholz, Bean (collectively, "defendants"), and their two friends, Louis Martinez and Aaron Keller, standing outside. Wenholz confronted plaintiffs and they argued. During the exchange, Wenholz's companions surrounded Chappell. The argument ended when a hotel security guard stepped in and separated the men.

¶ 4 Immediately after the argument, plaintiffs walked to the hotel's valet station. After Chappell retrieved his keys from the attendant, Romano saw one of the men from Wenholz's group come up and "sucker punch" Chappell in the head. Chappell immediately fell to the ground. Romano turned around to defend Chappell, swung at the man, missed, and got "pummeled" in the head from behind. He immediately collapsed to the ground. Neither plaintiff remembers anything beyond being hit in the head and falling to the ground.

¶ 5 Alfred Medina, a bartender at the hotel, witnessed the fight. According to him, Chappell and Romano fell to the ground and lay motionless while four men punched and kicked them repeatedly. Medina said plaintiffs were "pounded into the ground" and did not move "as they were being punched and kicked repeatedly" by four men. Chappell and Romano sustained injuries that resulted in significant medical expenses.

¶ 6 On March 26, 2007, plaintiffs sued the hotel, Wenholz, Bean, Martinez and Keller for their injuries.[1] After discovery, Wenholz

against Martinez, and appellants never served

filed a motion for partial summary judgment on plaintiffs' contention he was jointly liable for their injuries. Bean did not join the motion. The trial court granted the motion, ruling plaintiffs failed to produce any evidence that Wenholz had formed a conscious agreement with his companions to commit an intentional tort, which is required to impose joint liability pursuant to A.R.S. § 12–2506(D)(1). Explaining they did not see how they could prove which defendant inflicted what injuries, plaintiffs asked the court to enter judgment for both defendants, and the court entered final judgment dismissing all claims. This timely appeal followed.

## ANALYSIS

¶ 7 We review de novo the entry of partial summary judgment. *Hunt v. Richardson*, 216 Ariz. 114, 118, ¶ 8, 163 P.3d 1064, 1068 (App.2007). The court properly ruled for Wenholz if no genuine issues of material fact existed, and he was entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c); *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

¶ 8 Plaintiffs argue the trial court erred by entering partial summary judgment for Wenholz because the evidence viewed in the light most favorable to them demonstrates Wenholz, Bean, and their companions acted in concert to injure plaintiffs. Defendants counter the court properly ruled because no evidence exists they formed a conscious agreement in advance of the fight to injure plaintiffs. Resolution of this dispute turns on application of Arizona's enactment of the Uniform Contribution Among Tortfeasors Act, which provides in pertinent part as follows:

> The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:
>
> 1. Both the party and the other person were acting in concert.
>
> . . . .

A.R.S. § 12–2506(D)(1). "Acting in concert" is defined as:

> . . . entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort. Acting in concert does not apply to any person whose conduct was negligent in any of its degrees rather than intentional. A person's conduct that provides substantial assistance to one committing an intentional tort does not constitute acting in concert if the person has not consciously agreed with the other to commit the intentional tort.

A.R.S. § 12–2506(F)(1).

¶ 9 The focal point of dispute among the parties is whether Wenholz and his companions formed a conscious agreement to commit an intentional tort by repeatedly hitting and kicking Chappell and Romano as they lay on the ground. Both sides rely on this court's decision in *Mein ex rel. Mein v. Cook*, 219 Ariz. 96, 193 P.3d 790 (App.2008). In *Mein*, two drivers who had been drinking alcohol agreed to drag race by "revving their engines and bantering back and forth" while stopped at a light. *Id.* at 97–98, ¶¶ 3–4, 193 P.3d at 791–92. When the stoplight changed, the drivers "peel[ed] out" and began to race, ultimately ending in an accident. *Id.* The passenger in one car was injured and sued both drivers, asserting joint liability pursuant to A.R.S. § 12–2506(D)(1). *Id.* at 98, ¶ 5, 193 P.3d at 792. On appeal, we held that a prima facie case under this provision requires evidence that the parties (a) knowingly agreed to commit an intentional tort that (b) they were certain or substantially certain would result in the consequences complained of, and (c) actively participated in commission of the tort. *Id.* at 99–100, ¶¶ 12, 17, 19, 193 P.3d at 793–94. Because evidence did not suggest the drivers were certain or substantially certain their race would cause an accident or serious physical injury, this court held that the drivers had not formed a conscious agreement to commit an intentional tort. *Id.* at 100, 101, ¶¶ 20, 23, 193 P.3d at 794, 795.

the complaint on Keller. The trial court granted      summary judgment in favor of the hotel.

¶ 10 Defendants do not dispute, for purposes of partial summary judgment, that evidence of the latter two elements of a prima facie case under A.R.S. § 12–2506(D)(1) exists. Indeed, anyone who hits and kicks a person can be certain or substantially certain that injuries will result, and bartender Medina testified that the man who paid the group's bar tab, later established as Wenholz, was one of the participants in the fight. Additionally, battery is an intentional tort under Arizona law.[2] *See Mein,* 219 Ariz. at 100, ¶ 19, 193 P.3d at 794; *Johnson v. Pankratz,* 196 Ariz. 621, 623, ¶ 6, 2 P.3d 1266, 1268 (App.2000). We are left to decide, therefore, whether the evidence would permit a jury to find that Wenholz knowingly agreed with his companions to commit the tort of battery against Chappell and Romano.

¶ 11 Plaintiffs contend they demonstrated a knowing agreement by presenting evidence that Wenholz, Bean, and their companions participated in the fight and continued to hit and kick plaintiffs as they lay motionless on the ground. Defendants argue plaintiffs failed to show a knowing agreement because mere participation in the fight absent evidence of an agreement to fight in advance of the first punch is insufficient to sustain an acting-in-concert theory. We agree with plaintiffs.

¶ 12 A "conscious agreement" need not be verbally expressed and may be implied from the conduct itself. Restatement (Second) of Torts § 876 cmt. a (1979); *see also Mein,* 219 Ariz. at 100, ¶ 19, 193 P.3d at 794 (concluding evidence that drivers revved engines at a stoplight and bantered supports finding of agreement to race); *Dawson v. Withycombe,* 216 Ariz. 84, 103, ¶ 53, 163 P.3d 1034, 1053 (App.2007) (citing Restatement (Second) of Torts § 876 cmt. a as the authority for holding a conspiratorial agreement may be implied by tortious conduct). As-

suming someone other than Wenholz initially punched Chappell, Wenholz cannot be held jointly liable for the injury inflicted by that blow as no evidence exists of a knowing agreement to hit Chappell when the first blow was struck. But regardless of who threw the first punch at Chappell, the jury could conclude that after that, Wenholz, Bean, and their companions knowingly agreed to commit the intentional tort of battery by collectively joining in the fight in full sight of each other. There was no need for someone to yell words akin to, "let's get 'em," to create a conscious agreement under A.R.S. § 12–2506(D)(1). A jury could find that by joining in the fray and then continuing to hit and kick Chappell and Romano while they lay motionless, Wenholz's group implicitly agreed to inflict injuries on plaintiffs collectively, thereby subjecting them to joint liability for plaintiffs' injuries.[3]

## CONCLUSION

¶ 13 Reviewing the evidence in the light most favorable to Chappell and Romano, sufficient evidence exists for a jury to find that Wenholz, Bean, and their companions acted in concert to commit an intentional tort, thereby subjecting themselves to joint liability pursuant to A.R.S. § 12–2506(D)(1). The trial court erred by granting Wenholz partial summary judgment on the issue of joint liability, and we consequently reverse and remand for additional proceedings.

CONCURRING: DONN KESSLER, Presiding Judge, and DIANE M. JOHNSEN, Judge.

---

**2.** Although plaintiffs' first-amended complaint characterizes their claim as one for "assault," the factual allegations of the complaint clarify that their claim is for battery.

**3.** Other courts have reached similar conclusions. *See, e.g., Lamb v. Peck,* 183 Conn. 470, 441 A.2d 14, 15–16 (1981) (concluding evidence that four minors each kicked, hit, or pushed a fifth boy

and blocked his escape sufficient to find joint liability for boy's lost tooth even though only one of group caused injury); *Robinson v. June,* 167 Misc.2d 483, 637 N.Y.S.2d 1018, 1020–21 (N.Y.Sup.Ct.1996) (holding evidence defendant knew of cousin's violent actions at bar yet went with him to await victim's exit to the parking lot supported finding that defendant acted in concert with cousin, who knifed victim).